**In the Interest of N.A.S. and A.D.S.**

No. 05–02–01268–CV.

Court of Appeals of Texas, Dallas.

March 28, 2003.

Jeffrey Owen Anderson, Dallas, for Appellant.

Lance S. Baxter, McKinney, for Appellee.

Before Justices MORRIS, WHITTINGTON, and FRANCIS.

## OPINION

Opinion by Justice WHITTINGTON.

Jeanna D. Stelljes ("Mother") appeals the trial court's judgment granting Ruth and Lloyd Stelljes ("Grandmother" and "Grandfather," collectively "Grandparents") access to their grandchildren, N.A.S. and A.D.S. In two issues, Mother contends the Texas grandparent access statute infringed on her fundamental constitutional rights, *see* TEX. FAM.CODE ANN. § 153.433 (Vernon 2002), and the trial

judge abused her discretion in granting Grandparents access to their grandchildren because the evidence is legally and factually insufficient to support such a determination. We affirm the trial court's judgment.

Mother was married to Grandparents' son, Doug Stelljes ("Father"). N.A.S. and A.D.S. were born during the marriage. Mother and Father divorced in February 1999, and Father died in May 2001. Grandparents attempted to see their grandsons on several occasions after Father's funeral but were prevented from doing so. On October 11, 2001, Grandparents filed suit, requesting reasonable access to their grandsons. Following trial, the judge granted Grandparents one weekend of visitation in the months of March, October, and December and one full week of visitation during the month of July. Mother requested findings of fact and conclusions of law. The trial judge made the following relevant findings: (i) access to the children by the paternal grandparents is in the best interest of the children; (ii) Mother is acting contrary to the best interest of the children, in spite of her own admission that access by the paternal grandparents is in the best interest of the children; (iii) Mother had denied Grandparents access to the children; and (iv) without a court order, Mother will continue to deny Grandparents access to the grandchildren. The trial judge concluded: (i) the statute is constitutional; (ii) it is presumed that a fit parent acts in the best interest of her children in granting or denying access; (iii) the presumption may be overcome, and (iv) in this case, Grandparents have overcome the presumption. Mother appeals.

In her first issue, Mother claims the grandparent access statute, as applied to the facts of this case, violates her constitutional rights to due process under the

Fourteenth Amendment to the United States Constitution. In an "as applied" challenge, the complaining party claims a statute, even though generally constitutional, operates unconstitutionally as to her because of her particular circumstances. *Tex. Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 518 n. 16 (Tex.1995); (citing *Nelson v. Krusen,* 678 S.W.2d 918, 922 (Tex.1984) (holding two-year medical limitations statute unconstitutional as applied to plaintiff who could not discover injury during two-year period)); *Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985) (same). To do so, the challenger must show either that (i) the circumstances complained of exist under the facts of the particular case or (ii) such circumstances necessarily exist in every case, so that the statute always acts unconstitutionally when applied to the challenger. *Tex. Workers' Comp. Com'n v. Tex. Mun. League Intergovernmental Risk Pool,* 38 S.W.3d 591, 600 (Tex.App.-Austin 2000), *aff'd,* 74 S.W.3d 377 (Tex. 2002). It is not sufficient to show that the statute *may* operate unconstitutionally against the challenger or someone in a similar position in another case. *Tex. Workers' Comp. Com'n,* 38 S.W.3d at 600.

Here, Mother does not explain how her particular circumstances or the particular facts of this case make the application of the statute unconstitutional as applied to her. Although she cites case law in her argument, she fails to explain how the statute operates in practice to violate her rights or how it affects her differently from other parents similarly situated. *See Tex. Workers' Comp. Comm'n,* 893 S.W.2d at 518 n. 16. Rather, she complains the statute lacks a "standard of deference to be afforded the parent in determining a child's best interest," leaving the determination of the best interest of the child solely to the trial court's discretion. This complaint challenges the facial constitutionality of the statute; it is not an "as applied" challenge. Courts have previously held the grandparent access statute is not unconstitutional on its face. *Lilley v. Lilley,* 43 S.W.3d 703, 713 (Tex.App.-Austin 2001, no pet.); *Dolman v. Dolman,* 586 S.W.2d 606, 608 (Tex.Civ.App.-Austin 1979, writ dism'd); *Deweese v. Crawford,* 520 S.W.2d 522, 526 (Tex.Civ.App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.), *overruled on other grounds by Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768 (Tex. 1989). Because Mother has not briefed this Court on how the statute is unconstitutional *as applied to her,* we conclude she has failed to preserve this issue for review. *See Keever v. Finlan,* 988 S.W.2d 300, 314 (Tex.App.-Dallas 1999, pet dism'd); Tex. R.App. P. 38.1(h). We overrule Mother's first issue.

In her second issue, Mother contends the evidence is legally and factually insufficient to support the trial court's judgment. Specifically, Mother claims there is no evidence, or alternatively, factually insufficient evidence to support the trial judge's findings that she acted contrary to the children's best interest and that grandparent access was in the children's best interest.

The trial judge is given wide latitude in determining the best interests of a minor child. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982); *Leithold v. Plass,* 413 S.W.2d 698, 701 (Tex.1967). The family code does not define or set out the relevant factors to be considered when determining whether an action is in the best interest of a child. Rather, the trial judge considers a nonexhaustive list of considerations for determining a child's best interest. *See Holley v. Adams,* 544 S.W.2d 367, 371–72 (Tex.1976) (enumerating list of factors to ascertain best interest of child in parental termination context); *In re Doe 2,* 19 S.W.3d 278, 282 (Tex.2000)

(applying factors for best interest determination in judicial bypass provision of parental notification act); *Turner v. Turner*, 47 S.W.3d 761, 767 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (applying best interest analysis to determine whether modification would be a positive improvement for child). The trial court's judgment regarding what serves the best interest of the children with regard to visitation is a discretionary function and will only be reversed upon a determination that the trial judge has abused her discretion. *MacCallum v. MacCallum*, 801 S.W.2d 579, 582 (Tex. App.-Corpus Christi 1990, writ denied). This is because the trial judge "is in the best situation to observe the demeanor and personalities of the witnesses and can 'feel the forces, powers, and influences that cannot be discerned by merely reading the record.'" *In the Interest of T.*, 715 S.W.2d 416, 418 (Tex.App.-Dallas 1986, no writ).

During trial, Mother testified it was in the children's best interest to have a relationship with their grandparents. When asked whether she believed it was in their best interest that they have no contact with their grandparents, Mother replied, "No." Mother also testified she did not want to "totally deny visitation" and had not objected to the Grandparents seeing the boys before Father's funeral. Nevertheless, she conceded she (i) had not made any attempts to get the boys together with Grandparents, (ii) changed her address and home phone number without telling Grandparents, and (iii) received and ignored a letter from Grandparents regarding visitation with the grandchildren. On cross-examination, she stated she did not want any kind of court-ordered visitation but said she would encourage the children to see Grandparents if it was going to be in their best interest.

In light of Mother's testimony, we cannot conclude the trial judge abused her discretion in finding that grandparent access was in the children's best interest and Mother acted contrary to the children's best interest by refusing to allow Grandparents' visitation. We overrule Mother's second issue.

We affirm the trial court's judgment.