**Michael A. NISKAR, Appellant,**

v.

**April S. NISKAR, Appellee.**

No. 05–03–00988–CV.

Court of Appeals of Texas, Dallas.

June 15, 2004.

Myrna B. Silver, Attorney At Law, Dallas, TX, for Appellant.

April S. Niskar, Irving, TX, pro se.

Before Justices WHITTINGTON, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG.

Michael A. Niskar appeals the Final Decree of Divorce that dissolved his marriage with April S. Niskar. The appellant brings five issues on appeal: (1) that the terms of the Final Decree of Divorce regarding possession of and access to the child with respect to his work schedule and illness of the child are not specific enough to be enforced by contempt proceedings; (2) that the evidence does not support the restriction by the trial court with respect to his possession of and access to the child, denying him overnight possession of the child for at least two years; (3) that the trial court deviated from the statutory guidelines when ordering the amount of child support, even though it explicitly stated that it was ordering support according to the guidelines; (4) that the divorce decree recites that he must maintain a life insurance policy, but the trial record is silent on this subject; and (5) that he was not afforded a hearing on his Appeal from the Report of the Associate Judge. The trial court's Final Decree of Divorce is affirmed, in part; affirmed as modified, in part; and reversed and rendered, in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2002, April Niskar filed her Original Petition for Divorce in the 256th Judicial District Court, Dallas County, Texas and the trial court issued a Temporary Restraining Order and Order Setting Hearing for Temporary Orders. On August 1, 2002, the Associate Judge of the 256th District Court held a hearing on April Niskar's request for temporary orders. At the hearing before the Associate Judge, April Niskar was represented by counsel and the appellant appeared *pro se.* Because the parties actually resided in Collin County, the Associate Judge abated the Petition for Divorce, but determined that Dallas County did have jurisdiction over the suit affecting the parent-child relationship. The Associate Judge recommended that: (1) the trial court appoint the parents as joint temporary managing conservators; (2) the child's primary physical residence be with April Niskar, but restricted to Dallas and its contiguous counties; (3) the appellant has access to and possession of the child on Tuesdays and Thursdays from 2:00 p.m. until 5:00 p.m.; (4) the appellant pay $1,000.00 per month in temporary child support with the first payment due on August 2, 2002; and (5) the appellant maintains health insurance coverage on the child and be responsible for seventy-five percent of the non-covered health expenses. On August 5,

2002, the appellant filed his appeal of the Associate Judge's Report. On August 6, 2002, the 256th Judicial District Court entered Temporary Orders based upon the Associate Judge's report.

Meanwhile, on August 2, 2002, April Niskar filed her Original Petition for Divorce in the 380th Judicial District Court, Collin County, Texas, which issued a Temporary Restraining Order with respect to persons and property. The appellant, through counsel, filed his original Answer and general denial on August 12, 2003. The parties filed an Agreed Motion to Transfer Venue of the Suit Affecting the Parent–Child Relationship on August 15, 2002, and an agreed order was signed by the 256th Judicial District Court on the same day.

The hearing on the appellant's appeal of the Associate Judge's report was on August 21, 2002. A visiting judge was present to conduct the hearing and April Niskar objected. Due to April Niskar's objection, the hearing on the appellant's appeal of the Associate Judge's report was not held. The appellant attempted to reschedule the hearing, but the 256th District Court declined to do so because of the pending transfer of the suit affecting the parent-child relationship to Collin County.

On August 16, 2002, the 380th District Court held a hearing on April Niskar's request for Temporary Orders. As a result of the hearing, the 380th District Court ordered the appellant to pay $750.00 per month in temporary spousal support to April Niskar.

On December 5, 2002, the 380th District Court found the appellant in contempt for non-payment of child support as ordered by the 256th District Court and for non-payment of spousal support as ordered by the 380th District Court's order. The 380th District Court's order holding the appellant in contempt ordered temporary child and spousal support arrearage totaling $9,939.41 to be paid to April Niskar by January 6, 2003. The 380th District Court also heard the appellant's motion to modify the temporary child and spousal support orders requesting a decrease in the amount of moneys he was ordered to pay and a change in the visitation schedule. On January 17, 2003, the 380th District Court modified the visitation schedule by increasing the length of visitation time, on the condition that at the next three consecutive visits the appellant meet with April Niskar for two hours to learn to care for his disabled daughter; reduced the temporary spousal support to $250.00 per month beginning January 1, 2003; and ordered that the temporary child support continue at the rate of $1,000.00 per month.

There is one child from the marriage of the appellant and April Niskar. The Niskars' child is disabled. At the trial, evidence was presented that the Niskars' daughter is blind, wheelchair bound, fed through a tube, and is severely retarded. Because of these disabilities, the Niskars' daughter requires care twenty-four hours a day. Her required care includes feeding her through the tube, administering medication, monitoring changes in temperature, and clearing saliva build-ups from her mouth when she sleeps.

There was a one-day trial of the divorce action on January 23, 2003. Neither April Niskar nor the appellant requested that the order include findings stating the specific reasons for the trial court's variance from the standard possession order within ten days of the hearing. TEX. FAM.CODE ANN. § 153.258 (Vernon 2002). The trial court entered its Final Decree of Divorce on April 9, 2003. Neither the appellant nor April Niskar requested findings of fact and conclusions of law from the trial court.

On May 9, 2003, the appellant filed a Motion for Judgment Nunc Pro Tunc and a Motion for New Trial. His nunc pro tunc motion complained that there was a discrepancy between the Final Decree of Divorce and the judgment rendered by the trial court because the signed divorce decree included an order for him to maintain a life insurance policy for his daughter, which had not been rendered by the trial court. The trial court denied the appellant's Motion for Judgment Nunc Pro Tunc on June 10, 2003. The appellant's Motion for New Trial was overruled seventy-five days after the date the divorce decree was signed by operation of law, pursuant to Texas Civil Procedure Rule 329b. The appellant appeals the Final Decree of Divorce. April Niskar has not filed a brief in this appeal.

## II. STANDARD OF REVIEW

A trial court has broad discretion in determining the best interest of a child in family law matters such as custody, visitation, and possession. *Eg. In re Doe 2*, 19 S.W.3d 278, 281 (Tex.2000); *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Green v. Remling*, 608 S.W.2d 905, 908 (Tex.1980). *See also In re N.A.S.*, 100 S.W.3d 670, 672 (Tex.App.-Dallas 2003, no pet.); *Jacobs v. Dobrei*, 991 S.W.2d 462, 463 (Tex.App.-Dallas 1999, no pet.). Child support orders are also reviewed under an abuse of discretion standard. *In re Doe 2*, 19 S.W.3d at 281. *See also Deltuva v. Deltuva*, 113 S.W.3d 882, 886 (Tex.App.-Dallas 2003, no pet.); *Burns v. Burns*, 116 S.W.3d 916, 922 (Tex.App.-Dallas 2003, no pet.).

A trial court's judgment is reversed only when it appears from the record as a whole that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Gillespie*, 644 S.W.2d at 451. *See also In re N.A.S.*, 100 S.W.3d at 673; *Jacobs*, 991 S.W.2d at 463. A trial court abuses its discretion as to factual matters when it acts unreasonably or arbitrarily. *In re M.W.T.*, 12 S.W.3d 598, 602 (Tex.App.-San Antonio 2000, pet. denied) (construing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)). *See also Worford*, 801 S.W.2d at 109; *Jacobs*, 991 S.W.2d at 463. A trial court abuses its discretion as to legal matters when it fails to act without reference to any guiding principles. *In re M.W.T.*, 12 S.W.3d at 602 (construing *Walker*, 827 S.W.2d at 840). *See also Worford*, 801 S.W.2d at 109; *Jacobs*, 991 S.W.2d at 463. A trial court's determination of the best interest of the child will only be reversed upon a determination of an abuse of discretion because a trial court "is in the best situation to observe the demeanor and personalities of the witnesses and can 'feel the forces, powers, and influences that cannot be discerned by merely reading the record.'" In re N.A.S., 100 S.W.3d at 673; *In the Interest of T.*, 715 S.W.2d 416, 418 (Tex.App.-Dallas 1986, no writ). Under an abuse of discretion standard, legal and factual insufficiency are not independent grounds for asserting error, but are relevant factors in assessing whether a trial court abused its discretion. *In re Davis*, 30 S.W.3d 609, 614 (Tex.App.-Texarkana 2000, no pet.); *Gray v. Gray*, 971 S.W.2d 212, 213 (Tex.App.-Beaumont 1998, no pet.).

When a party does not request findings of fact, we infer that a trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). *See also In re T.J.S.*, 71 S.W.3d 452, 459 (Tex.App.-Waco 2002, pet. denied). The record is reviewed to determine whether some evidence supports the judgment. *Worford*, 801 S.W.2d at 109. *See also In re T.J.S.*, 71 S.W.3d at 459. Only the evidence most favorable to

the trial court's judgment is considered and the judgment is upheld on any legal theory that finds support in the evidence. *Worford*, 801 S.W.2d at 109. *See also In re T.J.S.*, 71 S.W.3d at 459.

## IV. POSSESSION AND VISITATION OF CHILD

In his first and second issues on appeal, the appellant argues that: (1) the terms of the divorce decree regarding possession and access to the child with respect to his work schedule and illness of the child are not specific enough to be enforced by contempt; and (2) the evidence does not support the trial court's restriction denying him overnight possession of the child for at least two years. In effect, the appellant complains that the trial court abused its discretion in determining the best interest of the child with regard to visitation and possession.

### A. No Request for Findings of Specific Reasons for Variance

■ Upon a timely request, a trial court's order must state its specific reasons for varying from the standard possession order. TEX. FAMILY CODE ANN. § 153.258. *See also In re T.J.S.*, 71 S.W.3d at 458. Requiring a trial court to state specific reasons for the variance is functionally equivalent to making findings of fact. *In re T.J.S.*, 71 S.W.3d at 459. Accordingly, we apply the same standard of review when a party fails to request specific reasons for the variance in the standard possession order under § 153.258 as when a party fails to make a request for findings of fact under Texas Rules of Civil Procedure 296 through 299. *In re T.J.S.*, 71 S.W.3d at 459; *Jacobs*, 991 S.W.2d at 464 n. 2.

### B. Visitation Order

In his first issue on appeal, the appellant complains that the terms of the divorce decree regarding possession of and access to the child with respect to his work schedule and illness of the child are not specific enough to be enforced by contempt.

#### 1. applicable law

■ To be enforceable by contempt, a judgment must set out the terms for compliance in clear and unambiguous terms. *Ex Parte Brister*, 801 S.W.2d 833, 834 (Tex.1990). *See also Office of the Atty. General of Texas v. Wilson*, 24 S.W.3d 902, 906 (Tex.App.-Dallas 2000, no pet.); *Roosth v. Roosth*, 889 S.W.2d 445, 452 (Tex.App.-Houston [14th Dist.] 1994, writ denied). The judgment must also clearly order the party to perform the required acts. *Ex Parte Brister*, 801 S.W.2d at 834. *See also Roosth*, 889 S.W.2d at 452.

#### 2. application of the law to the facts

The trial court ordered the following restrictions on visitation or possession in the divorce decree:

> [April Niskar] will agree to attempt to accommodate any change in [the appellant's] work schedule at his place of employment . . . .; and

> [April Niskar and the appellant] will agree to cooperate on days that minor child is ill, which typically has occurred approximately once a month. [April Niskar] will agree to insure that if [the appellant] desires equal time with the child to compensate for the time is [sic] missed due to illness, [April Niskar] will cooperate regarding same.

(Italics added). These provisions were ordered after the trial court heard lengthy testimony regarding the child's disabilities and medical needs. This testimony revealed that the child is susceptible to illness and that because of her medical problems, such illnesses could be life threatening.

However, although there has been no action to enforce the divorce decree, the appellant could not successfully enforce this judgment by contempt because it does not meet the standards for enforceability. The divorce decree does not state in clear and unambiguous terms what April Niskar must do to comply with its terms. In other words, the decree is not clear on what April Niskar must do "to agree to attempt to accommodate any change in the appellant's work schedule," and "[to] agree to cooperate on days that the minor child is ill." This court is mindful of the difficulties the trial court faced in trying to set visitation in a manner that would accommodate the appellant's work schedule and the child's disabilities. *See Ex Parte Brister*, 801 S.W.2d at 834. However, the very serious consequences of contempt or the inability to enforce the judgment by contempt, require clear and unambiguous terms that order the performance of certain acts. *Id.* Further, the vague requirements of the order effectively give one former spouse unilateral power over the other's visitation or possession rights. *See Id.* at 385. We conclude that the trial court abused its discretion by failing to order the appellant's possession of and access to the child in clear and unambiguous terms.

We decide the first issue on appeal in favor of the appellant and we reverse and render the portion of the trial court's Final Decree of Divorce so that the following ambiguous sentences set forth in the first and second full paragraphs on page seven of the decree (and in italics above) are excluded: (1) "Petitioner will agree to attempt to accommodate any change in Respondent's work schedule at his place of employment;" and (2) "The parties will agree to cooperate on days that the minor child is ill, which typically has occurred approximately once a month. Petitioner will agree to insure that if Respondent desires equal time with the child to compensate for the time is [sic] missed due to illness, Petitioner will cooperate regarding same." TEX.R.APP. P. 43.2(c).

## C. *Overnight Visitation or Possession*

In his second issue on appeal, the appellant complains that the evidence does not support the restriction by the court that denies him overnight possession of the child for at least two years.

### 1. applicable law

The Texas Family Code § 153.001 outlines Texas public policy for all suits affecting the parent-child relationship:

(a) The public policy of this state is to:

  (1) assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child;

  (2) provide a safe, stable, and nonviolent environment for the child; and

  (3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.

TEX. FAM.CODE ANN. § 153.001(a) (Vernon 2002). *See Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex.2002); *In re J.F.C.*, 96 S.W.3d 256, 293 (Tex.2002). Reviewing courts must endeavor to give meaning to these public policy imperatives as they interpret the Family Code. *See Lenz*, 79 S.W.3d at 14. The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child. TEX. FAM.CODE ANN. § 152.002. *See In re M.S.*, 115 S.W.3d 534, 547 (Tex.2003). *See also In re T.D.C.*, 91 S.W.3d 865, 871 (Tex.App.-Fort Worth 2002, pet. denied); *Roosth*, 889 S.W.2d at 451.

The Texas Family Code provides guidelines for trial judges to follow when determining the periods of possession for a possessory conservator. TEX. FAM.CODE ANN. § 153.192(b). The Texas Family Code also provides that there is a rebuttable presumption that the standard possession order: (1) provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator; and (2) is in the best interest of the child. TEX. FAM.CODE ANN. § 153.252. However, the Texas Family Code allows a trial court to deviate from the standard possession order. When deviating from the standard possession order, a trial court may consider: (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing conservator and of the parent named possessory conservator; and (3) any other relevant factor. TEX. FAM.CODE ANN. § 153.256. Further, a reviewing court's holding that a trial court did not abuse its discretion implies that the evidence contained in the record rebutted the presumption that the standard possession order was reasonable and in the child's best interest. *See Gray,* 971 S.W.2d at 216 n. 2.

■ A trial court may find that it is in the best interest of the child that a parent does not have overnight visitations. *See In re R.D.Y.,* 51 S.W.3d 314, 324 (Tex. App.-Houston [1st Dist.] 2001, pet. denied). When a trial court denies a parent overnight visitations with the child, it has not denied the parent's visitation rights. *See id.* Should circumstances change, a parent who has been denied overnight visitations may file a motion to modify the trial court's order. The Texas Family Code provides that a trial court with continuing jurisdiction may modify an order that provides for conservatorship, support, or possession of and access to a child. TEX.

FAM.CODE ANN. § 156.001. A trial court may modify an order that provides for the possession of or access to a child· if the modification would be in the best interest of the child, and the circumstances of the child, a conservator, or another party affected by the order have materially· and substantially changed. TEX. FAM.CODE ANN. § 156.101(1).

## 2. application of the law to the facts

■ The trial court ordered, in the first full paragraph on page seven of the decree, that *"[the appellant] shall not engage in or apply to the Court for overnight visits for two (2) years from January 23, 2003. The same time frame set forth above will apply to the holiday visitation schedule, which is 10:00 a.m. to 6:00 p.m."* (Italics added). The record supports the trial court's variance from the standard possession order in drafting the terms of the appellant's visitation. It is replete with testimony regarding the child's severe disabilities and the type of care she requires, and contains evidence of the appellant's lack of involvement in her medical care prior to his divorce. We conclude that the trial court did not abuse its discretion in denying the appellant overnight visitation or possession of his severely disabled daughter.

■ Nevertheless, the trial court cannot possibly know what is in the child's best interest in the future. Because the circumstances of one of the parents or the child may change in the future, the Texas Family Code permits a parent to file a suit for modification of an order that provides for possession of and access to a child. TEX. FAM.CODE ANN. § 156.002. We conclude that the portion of the trial court's order precluding the appellant from applying to the trial court for overnight visitations or a change in the visitation schedule

for two years is an abuse of the trial court's discretion.

We decide the second issue on appeal in favor of the appellant, in part, and against the appellant, in part. We modify the portion of the trial court's Final Decree of Divorce so that the sentences in the first full paragraph on page seven of the trial court's Final Decree of Divorce (and in italics above) that read "[t]he Court finds that the Respondent shall not engage in or apply to the Court for overnight visits for two (2) years from January 23, 2003. The same time frame set forth above will apply to the holiday visitation schedule, which is 10:00 a.m. to 6:00 p.m.," are modified to omit this language which precludes the appellant from applying for modification of the visitation order for two years. The sentence is modified and the following sentence shall be substituted in its place: "The Court finds that the Respondent shall not engage in overnight visits." We affirm the portion of the trial court's Final Decree of Divorce concerning overnight visitation as modified. TEX.R.APP. P. 43.2(b). *See also Ab–Tex Beverage Corp. v. Angelo State University,* 96 S.W.3d 683, 687 (Tex.App.-Austin 2003, no pet.). This modification and the deletions described earlier in this opinion at the end of paragraph B, section 2 above, have the net effect of deleting the first and second full paragraphs of the top of page seven of the text of the decree and replacing those paragraphs with the sentence: "The Court finds that the Respondent shall not engage in overnight visits."

## V. CHILD SUPPORT

In his third and fourth issues on appeal, the appellant argues that: (1) the amount of child support deviates from the statutory guidelines even though the court stated that it was ordering support according to the guidelines; and (2) the divorce decree recites that he must maintain a life insurance policy, when the trial record is silent on the matter. We address these issues together since they both involve the trial court's conclusions on child support.

### A. Amount of Child Support

In his third issue on appeal, the appellant argues that the amount of child support ordered by the trial court deviates from the statutory guidelines even though the court explicitly stated that it was ordering support according to the guidelines.

#### 1. applicable law

The Texas Family Code establishes guidelines for child support, which are presumed to be reasonable and in the child's best interest. Tex.Fam.Code Ann. § 154.122(a). *See also In re E.A.S.,* 123 S.W.3d 565, 571 (Tex.App.-El Paso 2003, pet. denied). The guidelines are specifically designed to apply to situations in which an obligor's monthly net resources are $6,000 or less. Tex. Fam.Code Ann. § 154.125. *See also Lide v. Lide,* 116 S.W.3d 147, 155 (Tex.App.-El Paso 2003, no pet.). "Net resources" include: (1) all wage and salary income; (2) interest, dividends, and royalty income; (3) self-employment income; and (4) all other income actually being received. TEX. FAM.CODE ANN. § 154.062(b). *See also Lide,* 116 S.W.3d at 156. However, a trial court may determine that the application of the guidelines for periodic child support payments would be unjust or inappropriate under the circumstances. Tex. Fam.Code Ann. § 154.122(b). *See also In interest of Valadez,* 980 S.W.2d 910, 913 (Tex.App.-Corpus Christi 1998, pet. denied). A trial court may vary from the child support guidelines if the evidence rebuts the presumption that an application of the guidelines is in the best interest of the child. Tex. Fam.Code Ann. § 154.123(a). *See*

*also Lide,* 116 S.W.3d at 156; *Wilemon v. Wilemon,* 930 S.W.2d 290, 293 (Tex.App.-Waco 1996, no writ). In determining whether an application of the guidelines would be unjust or inappropriate under the circumstances, a trial court shall consider evidence of all relevant factors, including:

(1) the ages and needs of the children;

(2) the ability of the parents to contribute to the support of the children;

(3) any financial resources available for the support of the children;

(4) the amount of time of possession of and access to the children;

(5) the amount of the obligee's net resources, including earning potential;

(6) child care expenses necessary to enable either party to maintain gainful employment;

(7) whether either party has the managing conservatorship or actual physical custody of another child;

(8) the amount of alimony or spousal maintenance actually and currently being paid or received by a party;

(9) expenses for a child for education beyond secondary school;

(10) whether the obligor or obligee has an automobile, housing, or other benefits furnished by an employer, another person, or a business entity;

(11) the amount of other deductions from wages, salary, or other compensation;

(12) provision for health care insurance and payment of uninsured medical expenses;

(13) special or extraordinary educational, health care, or other expenses of the parties or of the children;

(14) the cost of travel in order to exercise possession of and access to the children;

(15) positive or negative cash flow from any real and personal property and assets, including a business and investments;

(16) debts or debt service assumed by either party; and

(17) any other reason consistent with the best interest of the children, taking into consideration the circumstances of the parents.

Tex. Fam.Code Ann. § 154.123(b). *See also Lide,* 116 S.W.3d at 156.

**2. application of the law to the facts**

The appellant complains that the Final Decree of Divorce orders him to pay child support in the amount of $520.00 per month beginning February 1, 2003. He contends this sum exceeds the guidelines for child support. Further, he argues that the trial court clearly intended to order child support according to the statutory guidelines, but failed to do so. The trial court stated:

> With regard to child support I'll order $120.00 a week in child support, and I'll deviate from the guidelines if I find that the child does require a great deal more in the way of attention and a great deal more in the way of care than a child without the problems that she has.

The Final Decree of Divorce orders the appellant to pay to April Niskar the amount of $120.00 per week in child support for their daughter, which is payable in the following manner: (1) $520.00 per month; (2) $260.00 per bimonthly period; (3) $240.00 per biweekly period; or (5) $120.00 per week. Both the trial court's pronouncement as to child support at trial and as it is set out in the divorce decree require the appellant to pay $120.00 per week. However, the appellant does not provide us with any analysis or calculations to show that the trial court did not

follow the statutory guidelines for child support.

■ Assuming, without deciding, that the child support varies from the guidelines, we note that there was testimony at trial that the appellant might be earning additional, undisclosed income. Testimony at trial revealed that during the Niskars marriage, the appellant was a manager for a topless bar. April Niskar testified that when the appellant was managing a topless bar, he often had large sums of cash. Also, other testimony at trial revealed that the appellant is currently working as a manager at Showgirls, another topless bar. The trial court, as the sole judge of the credibility of the witnesses, may well have considered that the appellant had other undisclosed financial resources or income. *In re E.A.S.,* 123 S.W.3d at 572. The trial court did not abuse its discretion by ordering the appellant to pay $520.00 per month as specified in the divorce decree.

We decide the third issue on appeal against the appellant and affirm the portion of the trial court's Final Decree of Divorce ordering child support in the amount of $520.00 per month or $120.00 per week. TEX.R.APP. P. 43.2(a).

### B. Life Insurance Policy

In his fourth issue on appeal, the appellant argues that the trial court erred because the divorce decree requires him to maintain a life insurance policy when the trial record is completely silent on the matter.

### 1. applicable law

If a child is disabled, the trial court may order the payment of child support for an indefinite period. TEX. FAM.CODE ANN. § 154.001(a)(4). The Texas Family Code § 154.006 provides, in part, that unless otherwise agreed in writing or expressly provided in the order, the child support order terminates on the removal of the child's disabilities for general purposes. TEX. FAM.CODE ANN. § 154.006(a)(2). A trial court has the authority to order that child support payments continue after the obligee's death. TEX. FAM.CODE ANN. § 154.013(a); *Grayson v. Grayson,* 103 S.W.3d 559, 563 (Tex.App.-San Antonio 2003, no pet.). Also, a trial court has the authority to order a parent to maintain a life insurance policy for the child's benefit for so long as the child support obligation remains in effect. *Grayson,* 103 S.W.3d at 563.

### 2. application of the law to the facts

To ensure that the disabled child would continue to receive child support after her father's death, the trial court found, in the last two paragraphs of page nine and continuing on to page ten of the decree, the following:

*Child Support for the Minor Disabled Child*

The child support shall continue until the child is 18 or until further order of the Court.

The Court finds that [the Niskars' daughter], the child of this marriage, requires substantial care and personal supervision because of a mental and physical disability and will not be capable of self-support, therefore payments for the support of this child should be continued after the child's eighteenth birthday for an indefinite period unless child [sic] is capable of self support at age 18.

Also, in the first paragraph on page thirteen of the decree, the trial court ordered the following:

*Life Insurance*

*IT IS ORDERED that Michael A. Niskar shall maintain a life insurance policy for [his daughter] in the amount of*

*$100,000.00, that upon his death, the child support [for his daughter] will be paid, as long as child support is payable under the terms of this decree, maintain in full force and effect at Michael A. Niskar's sole cost and expense a life insurance policy insuring the life of Michael A. Niskar, naming April S. Niskar primary beneficiary as trustee for the benefit of the child that on Michael A. Niskar's death will pay to April S. Niskar. Michael A. Niskar is ORDERED within thirty days after receiving written request, to furnish written proof from the life insurance company confirming the coverage required under this decree.* (Italics added).

In addition, in the second paragraph on page thirteen of the decree, the trial court ordered the following:

*Support as Obligation of Estate*

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of Michael A. Niskar and shall not terminate on the death of Michael A. Niskar. Payments received for the benefit of the child from the Social Security Administration, Department of Veterans Affairs, other government agency, or life insurance shall be a credit against this obligation.

■ It is undisputed that the child suffers from severe medical disabilities and will most likely require care throughout her life. The statute clearly permits a trial court to order the payment of child support after a child exceeds the age of eighteen and after the death of a parent. However, in the absence of evidence, there is no statute that authorizes the trial court to order the appellant to maintain a life insurance policy for the payment of child support after his death. The parties neither pleaded for nor mentioned at trial anything whatsoever about a requirement that the appellant maintain a life insurance

policy. The record contains no evidence as to any existing life insurance policy; a request for a life insurance policy; the trial court's suggestion or consideration of a life insurance policy; the appellant's ability to be insured; or the required terms of any such life insurance policy.

We conclude that there is no evidence or any reasonable inference from the evidence, which is otherwise in the record, sufficient to support the trial court's order that the appellant maintain a life insurance policy for the payment of child support after his death. *See In re Davis,* 30 S.W.3d 609, 618 (Tex.App.-Texarkana 2000, no pet.). In the absence of evidence, we must hold that the trial court abused its discretion. *See id.*

We decide the fourth issue on appeal in favor of the appellant, and we reverse and render the trial court's Final Decree of Divorce to exclude the paragraph with the heading "Life Insurance" set forth in the first paragraph on page thirteen of the decree (and in italics above). Tex.R.App. P. 43.2(c). *See Vista Chevrolet, Inc. v. Lewis,* 709 S.W.2d 176, 177 (Tex.1986). *See also Ebby Halliday Real Estate, Inc. v. Murnan,* 916 S.W.2d 585, 591 (Tex.App.-Fort Worth 1996, writ denied).

## VI. APPEAL FROM REPORT OF ASSOCIATE JUDGE

In his fifth issue on appeal, the appellant argues that he was never afforded a hearing on his appeal from the Report of the Associate Judge.

### A. Applicable Law

■ Texas Rule of Appellate Procedure 33.1 establishes the prerequisites for preserving an error for appellate review. To preserve error for appeal, a party must make a timely, specific objection or motion to the trial court that states the grounds

for the ruling sought with sufficient specificity, unless the grounds are apparent from the context, obtain a ruling on the complaint, and comply with the rules of evidence or procedure. TEX.R.APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003), cert. denied —— U.S. ——, 124 S.Ct. 2175, —— L.Ed.2d —— (2004). Therefore, to preserve a complaint for appellate review, the argument to the appellate court must be included in a motion or have otherwise been presented to the trial court. *See Gibson v. Ellis*, 126 S.W.3d 324, 330 (Tex.App.-Dallas 2004, no pet.); *Sherman v. Triton Energy Corp.*, 124 S.W.3d 272, 279 (Tex.App.-Dallas 2003, pet. filed).

### B. Application of the Law to the Facts

██ The appellant filed his appeal of the Associate Judge's report on August 5, 2002. The hearing on his appeal scheduled for August 21, 2002, did not occur because of April Niskar's objection to the visiting judge. The 256th District Court declined to reschedule the hearing due to the order signed on August 15, 2002, transferring the suit to Collin County. Once the suit was transferred to the 380th District Court, the appellant announced ready for trial. He failed to raise the issue that he was not afforded a hearing on his appeal of the Associate Judge's report prior to the trial on the merits or during opening or closing argument. Further, this issue was not raised in the appellant's Motion for a New Trial.

We note that the appellant filed motions to modify the temporary visitation, spousal support, and child support orders on September 25, 2002, and again on November 7, 2002, with an amended motion filed on November 19, 2002. Visitation and child support were the topic of the Associate Judge's report. The 380th District Court held a hearing on the motions to modify on December 5, 2002. The trial court modified the visitation schedule and the temporary spousal support, and ordered that the child support remain the same. We find nothing in the record reflecting any motion or objection raising a demand to have a hearing on the appellant's appeal of the Associate Judge's report prior to the trial court addressing those same issues.

The appellant's fifth issue on appeal is waived. TEX.R.APP. P. 33.1.

### VII. CONCLUSION

The trial court did not abuse its discretion in ordering the appellant to pay child support in the amount of $520.00 per month or $120.00 per week. The trial court abused its discretion by: failing to order the appellant's visitation and possession of the child in clear and unambiguous terms; denying the appellant the right to apply for overnight visitation and possession of his severely disabled child for two years; and ordering, in the absence of evidence, the appellant to maintain a life insurance policy so that child support payments for his severely disabled daughter would continue after his death. The appellant's complaint that he was not afforded a hearing on his appeal of the Associate Judge's report is waived.

The trial court's Final Decree of Divorce is affirmed, in part; affirmed as modified, in part; and reversed and rendered, in part. We affirm, the trial court's order of child support in the amount of $520.00 per month or $120.00 per week. *Tex.R.App. P.* 43.2(a). We modify the trial court's Final Decree of Divorce to omit the language that precludes the appellant from applying for overnight visitation for two years and affirm as modified. *Tex.R.App. P.* 43.2(b). We reverse and render the portions of the trial court's decree to exclude the ambiguous language regarding

the appellant's possession of and access to the disabled child and to exclude the requirement that the appellant maintain a life insurance policy. *Tex.R.App. P.* 43.2(c). Finally, to ensure that the Final Decree of Divorce, as modified herein, is clear in its terms, this case is remanded. On remand, the trial court shall incorporate into the Final Decree of Divorce the modifications and deletions described in this opinion. Then, the trial court shall sign and cause to be entered a modified Final Decree of Divorce consistent with this opinion.