**REVERSE and RENDER in part; AFFIRM in part; and Opinion Filed December 7, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00938-CV**

**IN THE INTEREST OF T.E.H., C.R.H., AND J.C.H., CHILDREN**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-17378**

# MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Schenck

This is an appeal from a final decree of divorce in a suit affecting the parent–child relationship. In four issues, Husband challenges the award of attorney's fees to Wife, the restrictions placed on the use of certain property awarded to Husband, the terms of the possession order, and certain evidentiary rulings. We reverse the portion of the trial court's final decree of divorce restricting the use of the 2015 Volkswagen Passat that was awarded to Husband and affirm the remainder of the decree. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

Husband and Wife married on May 4, 2002.  Three children, T.E.H., C.R.H., and J.C.H.,[1] were born to the marriage.  The instant divorce proceeding began on September 3, 2019, with Wife filing her original petition for divorce and request for temporary orders seeking expanded possession of the couple's children.  Husband filed a counter-petition and request for temporary orders seeking equal possession of the children.  A previous divorce proceeding involving the couple had been dismissed after Husband and Wife reconciled.

On October 21, 2019, an associate judge conducted a temporary orders hearing.  Each side was given one hour to present their case with respect to possession of the children and support.  Both parties called witnesses.  Following the hearing, the associate judge issued his report ordering that the children be interviewed by Dallas County Family Court Services.  The children were interviewed on October 29, 2019.  With respect to their preferences for residency and visitation, all of the children expressed the desire to have equal time with each parent on a week-to-week basis.  The children also indicated they wanted to stay together wherever they reside.

On November 12, 2019, the associate judge issued his report indicating Husband would have standard possession of the children per sections 153.311

---

[1] At the time of trial in early 2021, T.E.H. was 17 years old, about to turn 18, C.R.H. was 15 years old, about to turn 16, and J.C.H. was 12 years old, about to turn 13.

through 153.317 of the family code[2] and would be required to pay child support of $2,528 per month. Husband requested a *de novo* appeal. Thereafter, Wife filed a motion for enforcement asserting Husband failed to follow the temporary order, specifically that he diverted his November 15, 2019 paycheck from the joint account, paid a car insurance premium from the joint account, and failed to timely pay his December 1, 2019 child support obligation.

Prior to the hearing on Husband's *de novo* appeal, the parties entered into a Rule 11 agreement stipulating that they would have a 50/50 possession and access schedule, alternating weeks of possession. On February 3, 2020, the associate judge signed Agreed Temporary Orders, including the agreement for equal possession of and access to the children and containing a provision that both Husband's and Wife's possession of and access to T.E.H. should be afforded flexibility. Subsequently, Husband abandoned his *de novo* appeal, and Wife abandoned her motion for enforcement.

On March 2, 2020, the trial court entered a Family Services Court Order requiring a social study for conservatorship and possession. On June 30, 2020, the parties stipulated to 50/50 possession and access to be included in the final decree of divorce, leaving open the issue of flexibility with respect to T.E.H., and, the

---

[2] Standard possession generally provides for possession on the first, third and fifth weekends, beginning at 6 p.m. Friday and ending at 6 p.m. Sunday, and Thursdays during the regular school term from 6 p.m. to 8 p.m. TEX. FAM. CODE § 153.312(a).

following day, the trial court vacated its March 2, 2020 order regarding a social study.

On February 3, 2021, the trial court conducted a one day bench trial via Zoom. The witnesses at trial were Husband, Wife, Wife's therapist, Husband's therapist, a residential appraiser, and both parties' attorneys, who testified on the issue of attorney's fees.

At trial, the evidence established Husband is an attorney and Wife is a court reporter. They purchased a home shortly after they married and raised their children there. Wife's appraiser opined that the home had a fair market value of $550,000; Husband believed the value to be $595,000. The parties presented evidence concerning other assets they owned and their financial obligations. The trial court heard extensive testimony concerning the discord and conflict between Husband and Wife, about Husband's strained relationship with T.E.H., and that the couple and their children were receiving counseling for various issues. Numerous email and text communications between Husband and Wife were introduced into evidence, and, with respect to same, Husband acknowledged his tone was not perfect in some of those communications.

Wife's attorney testified Wife had incurred $86,681.55 in attorney's fees and of that amount Wife had paid $64,684.05, leaving a balance of approximately $22,000. Wife's attorney testified that several things happened in this case requiring Wife "to incur additional attorney's fees, and almost all these things can be laid at

–4–

the feet of [Husband]." More particularly, Wife's counsel asserted Husband refused to leave the marital residence and refused to pay child support, causing Wife to incur fees and expenses in preparing for and attending the temporary orders hearing. In addition, Wife's attorney testified Husband filed an unnecessary and frivolous *de novo* appeal and failed to follow the associate judge's ruling leading to a motion to enforce, causing Wife to incur an additional $6,597 in fees. She indicated Husband sent unnecessary and frivolous discovery requests to Wife and overly broad subpoenas to Wife's parents with respect to a potential inheritance.

Husband's attorney testified Husband had incurred attorney's fees in the amount of $106,712 through the date of trial. Husband's attorney indicated she believed fees in this case were escalated somewhat by factors beyond Husband's control and, in some cases, caused by Wife. As to actions of Wife that Husband claimed escalated his fees, his attorney testified she took unreasonable positions in response to his discovery requests relating to her expected inheritance. In addition, Husband's attorney stated she believed fees were escalated by the uncertainty about the possession schedule the parties could agree to, especially with respect to a "flexibility clause."

On April 7, 2021, the trial court issued its memorandum ruling appointing Husband and Wife joint managing conservators, setting forth Husband's support obligation, awarding attorney's fees against Husband and in favor of Wife in the amount of $22,297.50, indicating the parties would continue as co-owners of the

marital residence with Wife having the exclusive right to use same and that the home would be sold when the youngest child turns 18 with the net proceeds from the sale to be divided equally, dividing Husband's Singer & Levick 401(k) between the parties, and dividing all remaining property as listed in Husband's proposed property division.

On August 21, 2021, the trial court signed the Final Decree of Divorce appointing Husband and Wife joint managing conservators of the children, ordering, in part, that both Husband's and Wife's possession of and access to T.E.H., and to the other children upon each child reaching the age of sixteen and beginning to drive, shall be afforded flexibility consider the child's schedule and wishes. Husband requested findings of fact and conclusions of law. Husband did not propose same. Wife proposed findings of fact and conclusions of law.[3]

## DISCUSSION

### I.    Attorney's Fee Award

In his first issue, Husband challenges the trial court's award of attorney's fees to Wife. We review a trial court's award of attorney's fees for abuse of discretion. *In re K.M.B.*, 606 S.W.3d 889, 900 (Tex. App.—Dallas 2020, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without

---

[3] Contrary to Husband's assertion on appeal, in making its findings of fact and conclusions of law, the trial court did not wholly adopt Wife's proposed findings and conclusions. Specific findings will be discussed when relevant to the issues presented.

–6–

reference to any guiding principles. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.).

The trial court has broad discretion in deciding whether to award attorney's fees and in determining the amount of the fees to be awarded in divorce cases. *In re Marriage of C.A.S.*, 405 S.W.3d 373, 386 (Tex. App.—Dallas 2013, no pet.). When a party challenges such an award and the trial court's findings regarding same, we must give substantial deference to the trial court's determination of the weight and credibility of the evidence. *Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas 2015, no pet.). We do so because, in a bench trial, the trial court acts as the fact finder and is the sole judge of the credibility of witnesses. *Id.*

The record here shows both parties sought to recover attorney's fees due to other's alleged escalation of the costs of litigation and not necessarily as part of the court's division of community property, although each generally pled for an award of fees. At the time of trial, both parties had incurred attorney's fees that had not yet been paid. In its findings of fact, the trial court found "Wife owed $22,297.50 in attorney's fees at the time of trial," "Wife had already paid $64,384.05 in attorney's fees at the time of trial," and "Husband owed $46,511.57 in attorney's fees at the time of trial." The court further noted that Wife's attorney, when proving up her attorney's fees, testified:

- Husband is an attorney with a litigious nature;

- Husband entered an appearance in this case and a related action;

–7–

- Husband filed pro se motions on his own behalf in this case and a related cause of action;

- Wife was forced to incur attorney's fees defending frivolous motions filed by Husband and filing motions for enforcement when Husband refused to obey court orders;

- Wife was forced to incur attorney's fees answering frivolous and unnecessary discovery requests such as an interrogatory over the disposition of a used dining room table;

- Husband's actions and inactions added costs to this case that Wife was forced to needlessly incur; and

- Wife's attorney fees incurred are fair and reasonable, usual and customary fees charged by family attorneys in Dallas County, TX.

The trial court found "a judgment for Wife's attorney's fees in the amount of $22,297.50 should be awarded against Husband and that the judgment is fair and equitable."

First, Husband contends the trial court's findings with respect to the award of attorney's fees are wholly unsupported by the record. The trial court's recitation of Wife's attorney's testimony with respect to attorney's fees, with the exception of the statements regarding Husband appearing pro se and presenting motions,[4] are fair summaries of and inferences from her testimony. Thus, they are supported by the record.

---

[4] Husband did not appear in this case pro se until after the trial. Thus, Wife's attorney did not testify to this effect at trial. Nevertheless, we conclude the recitations regarding same in the findings of fact are harmless and do not impact our conclusion with respect to the trial court's discretion in awarding fees.

–8–

Next, Husband contends the trial court abused its discretion in awarding Wife attorney's fees because it failed to consider her unreasonable positions and misleading or false testimony that unnecessarily escalated fees in this case.[5] While Husband, as an involved party to this contentious divorce, viewed Wife and her attorney's action in this way, took issue with their trial strategy, and questioned the bounds of Wife's attorney's advocacy, the trial court was not required to view their conduct in the same way and was the ultimate arbitrator of the credibility of the parties and the witnesses. *Slicker*, 464 S.W.3d at 858.

Finally, Husband contends the court's award of attorney's fees resulted in a disproportionate division of property with Wife effectively being awarded 54% of the community assets.

The division of a community estate in divorce must be just and right, having due regard for the rights of each party and any children of the marriage. TEX. FAM. CODE § 7.001. "Just" and "right" are broad terms. *See Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). A trial court should consider many factors, including the spouses' capacities and the nature of the property. The court may consider (1) the parties' relative fault in ending the marriage, (2) the length of the marriage, (3) the parties' disparity in income or earning capacity, (4) the parties' capacities and abilities, (5) the parties' relative needs and financial condition, (6) future business

---

[5] Husband contends the record shows Wife and her attorney caused the escalated fees by taking frivolous positions, needlessly presenting evidence on stipulated and indisputable issues, presenting misleading testimony, and failing to make any attempt to reasonably resolve the possession issue.

prospects, (7) the parties' education and physical condition, (8) the disparity in age, (9) the size of separate estates, and (10) the nature of the property to be divided. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). Although the marital estate need not be divided equally, the division must be equitable. *See Chafino v. Chafino*, 228 S.W.3d 467, 473 (Tex. App.—El Paso, no pet.).

Because the standards for dividing a community estate involve the exercise of sound judgment, a trial court must be accorded much discretion in its decision. *See Murff*, 615 S.W.2d at 698. A determination of whether the property division decreed in a divorce constitutes an abuse of discretion presents a legal rather than a factual question for appellate review. *See Mann v. Mann*, 607 S.W.2d 243, 244 (Tex. 1980).

A trial court may consider reasonable attorney's fees, along with the parties' circumstances and needs, in effecting a just and right division of the estate. *Murff*, 615 S.W.2d at 699.

> [A] decree that the husband pay all of the wife's attorney's fees may be to award him less of the community estate than that awarded to the wife, but that alone does not condemn it. The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all the surrounding circumstances.

*Carle v. Carle*, 234 S.W.2d 1002, 1005 (Tex. 1950). Further, as in its decision to award fees as part of the division, the trial court has broad discretion in determining the amount. *Smith v. Grayson*, No. 03–10–00238–CV, 2011 WL 4924073, at *10 (Tex. App.—Austin Oct. 12, 2011, pet. dism'd) (mem. op.) (citing *Murff*, 615 S.W.2d at 698–99).

The trial court found the net value of the community estate was $1,589,124.97. The court further found a disparity in earning capacity between Husband, a lawyer, and Wife, a court reporter, and that the parties had been married for 17 years before they separated. The court awarded Wife the marital residence but ordered her to sell the property and to split the proceeds with Husband on or after their youngest child reaches the age of eighteen years and, in the interim, required Wife to pay for all maintenance and the mortgage. Wife's payment of the mortgage will reduce the principal balance owed, which will benefit Husband when the property is sold.

The trial court found there was $144,111.45 in debt, including the outstanding attorney's fees, and $75,302.38, excluding outstanding fees. This debt does not include mortgage payments. The court allocated $28,738.31 in debt to Wife and $46,621.25 to Husband. Inclusive of the attorney's fees, the court allocated $115,430.32 of unsecured debt to Husband. Accordingly, Wife was awarded approximately 54% of the net community estate, and Husband was awarded approximately 46%.

The trial court found Wife unnecessarily incurred fees because of Husband's actions justifying the shift of some of those costs to Husband. In addition, the trial court found a disparity in income among the parties, net resources of $9,200 per month for Husband and $5,967.77 for Wife. Income disparity and earning capacities between the parties further justifies the trial court's award. *See Murff*, 615 S.W.2d at 699; *Bradshaw*, 555 S.W.3d at 543.

–11–

We conclude the trial court acted within its discretion when it assessed a portion of Wife's attorney's fees against Husband.  *See* FAM. § 6.708(c).  We overrule Husband's first issue.

## II.   Restriction on Use of Property

In his second issue, Husband challenges restrictions the trial court placed on the award of a 2015 Volkswagen Passat to him.  More particularly, Husband challenges the trial court's order "that the parties' minor children who are licensed to drive shall have 'exclusive' use and possession of the motor vehicle." (emphasis added).  The restriction the trial court imposed essentially eviscerated its award of the vehicle to Husband.  Under these circumstances, we conclude the trial court abused its discretion.   We sustain Husband's second issue.

## III.   Possession Order

In his third issue, Husband challenges the trial court's possession order.  The best interest of the child must always be the primary consideration of the court in determining issues of conservatorship and possession.  FAM. § 153.002; *Niskar v. Niskar*, 136 S.W.3d 749, 755 (Tex. App.—Dallas 2004, no pet.).  Courts may use the nonexclusive list of *Holley* factors to determine the child's best interest.  *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).  The trial court has broad discretion in determining the best interest of a child in family law matters such as custody, visitation, and possession.  *Niskar*, 136 S.W.3d at 753.  A trial court's determination of the best interest of the child will only be reversed upon a determination of an

abuse of discretion because a trial court is in the best situation to observe the demeanor and personalities of the witnesses and is most acutely aware of the forces, powers, and influences that inform the exercise of that judgment but cannot be discerned by merely reading the record. *In re N.A.S.*, 100 S.W.3d 670, 673 (Tex. App.—Dallas 2003, no pet.). Under an abuse of discretion standard, legal and factual insufficiency are not independent grounds for asserting error but are relevant factors in assessing whether a trial court abused its discretion. *Niskar*, 136 S.W.3d at 753.

A standard possession order is presumed to be in the best interest of the child. FAM. § 153.252. A trial court can deviate from a standard possession order, but should consider the age, developmental status, circumstances, needs, and best interest of the child, the circumstances of the managing conservator and of the parent named possessory conservator, and any other relevant factor. *Id.* § 153.256. A trial court may impose restrictions on a parent's possession or access to a child. *Id.* § 153.193. Any such restriction, however, may not exceed what is necessary to protect the best interest of the child. *Id.*

The trial court deviated from the standard possession order, as stipulated by parties, by appointing Husband and Wife joint managing conservators of the children with equal possession. The trial court ordered the following restrictions on visitation or possession:

that both conservators' possession of and access to T.E.H. shall be afforded flexibility considering the child's schedule and wishes, and the parties shall communicate directly as it relates to T.E.H.'s whereabouts to the extent his location is ever unknown to a conservator during that conservator's period of possession. IT IS ORDERED that both conservators' possession of and access to the other children, upon each child reaching the age of sixteen and beginning driving, shall be afforded flexibility considering the child's schedule and wishes, and the parties shall communicate directly as it relates to each child's whereabouts to the extent their location is ever unknown to a conservator during that conservator's period of possession.

Husband contends the trial court impermissibly delegated its authority to fashion a possession schedule to the children who may simply refuse to see him and contends the provision is not specific enough to be enforced by contempt.

As an initial matter, we note that this restriction applies to Husband and Wife equally and that Husband had previously agreed to a similar provision in temporary orders with respect to T.E.H. In addition, we note, that with respect to T.E.H., the possession and access issue is moot as he is over the age of eighteen. *See In re S.V.*, No. 05-19-00548-CV, 2022 WL 696815, at *1 n.1 (Tex. App.—Dallas Mar. 8, 2022, pet. denied) (mem. op.).

Husband asserts this Court's decision in *In re S.V.* dictates a finding here that the trial court abused in discretion in restricting access to the children. That case concerned a clause in which the entirety of the father's visitation was determined by the child's expressed desire to see his father. 599 S.W.3d 25, 36 (Tex. App.—Dallas 2017, pet. denied). More particularly, in that case the order provided:

–14–

> [Father] shall have the right to possession of the child only at such times as are agreeable to the child or children.
>
> and
>
> [Mother's] obligation to surrender the children to [Father] shall be conditioned upon the children's expressed desire for [Father] to exercise any such possession period.

The order further provided that should the children express such a desire, Father would be granted possession for three hours, on the first and third Saturdays of the month, in a public place. The time and place of Father's possession would be determined by the children. The provisions in *S.V.* created a precursor before the father's visitation was allowed by the child confirming his desire to allow visitation. It created the potential for a denial of all access. *Id.* at 37.

In this case, the trial court's order merely allows the parents to have flexibility regarding visitation depending on the teenaged children's schedules and wishes. *See, e.g.*, *Terry v. Terry*, No. 79078, 2020 WL 2521772, at *1 (Nev. 2020) (teenager discretion provision is not against public policy and district court need not get involved in weekly schedule changes that generally fall into private realm of family life). We reject Husband's contention that the trial court's possession order significantly interferes with his possession and access of the children to the point it denies him access and leaves him without the ability to enforce the order by contempt. We overrule Husband's third issue.

## IV.  Evidentiary Ruling

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Bufkin v. Bufkin*, 259 S.W.3d 343, 351 (Tex. App.—Dallas 2008, pet. denied).

Husband asserts the trial court erred in refusing to consider his evidence on settlement discussions, while allowing Wife and her attorney to put on evidence of same. To the extent Husband's complaint concerns the admission or exclusion of evidence concerning settlement discussions during the temporary orders hearing, such a complaint is moot. *See In re B.W.S.*, No. 05-20-00343-CV, 2022 WL 2712494, at *4 (Tex. App.—Dallas July 13, 2022, no pet.) (mem. op. nunc pro tunc) (after trial court enters final order, any complaints about temporary orders hearing are moot). To the extent Husband's complaint concerns Wife's attorney's testimony about settlement discussions in support of attorney's fees, Husband did not object to same and thus waived his complaint. *Dolenz v. A.B.*, 742 S.W.2d 82, 83–84, n.2 (Tex. App.—Dallas 1987, writ denied).

With respect to Husband's complaint about the trial court's ruling on Wife's attorney's objection to the following question posited by his attorney to Wife "Well, didn't you and [Husband] have a conversation before the temporary orders hearing where you asked him what he would pay for a 50-50 schedule?" we conclude the

–16–

trial court did not abuse its discretion.[6] *See* TEX. R. EVID. 408 (prohibited uses of statements made during compromise negotiations). Moreover, when Husband was asked by his attorney whether he had concerns about Wife's proposed division of property, Husband indicated he had concerns over their ability to pay their debts, and then added "I told [Wife] the first week she filed, let's try to get something resolved so we don't have all this – – ," Wife's attorney objected as nonresponsive and the trial court sustained the objection. Clearly, Husband's gratuitous statement was not responsive to his attorney's inquiry and the trial court did not err in sustaining Wife's objection to same. We therefore overrule Husband's fourth issue.

## CONCLUSION

We reverse the portion of the trial court's final decree of divorce that restricts the use of the 2015 Volkswagen Passat and render judgment removing the provision requiring that the vehicle be used exclusively by the minor children with a driver's license. We otherwise affirm the decree.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210938F.P05

---

[6] In response to Wife's attorney objection to the extent the question concerned settlement discussions, the court stated, "Okay. So, obviously, the Court's position is settlement–statements that were discussions regarding any of settlement is not admissible."

–17–



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

IN THE INTEREST OF T.E.H.,
C.R.H., AND J.C.H., CHILDREN,

No. 05-21-00938-CV

On Appeal from the 254th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-19-17378.
Opinion delivered by Justice
Schenck. Justices Reichek and
Goldstein participating.

In accordance with this Court's opinion of this date, the Final Divorce Decree is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the decree that restricts the use of the 2015 Volkswagen Passat that was awarded to appellant. In all other respects, the Final Divorce Decree is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 7th day of December 2022.