Opinion filed June 10,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00254-CV

                                                    __________

 

               IN THE
INTEREST OF S.L.T. AND S.J.T., CHILDREN



 

                                   On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                                  Trial
Court Cause No. A-119,638

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Suzanne
T. Blanford Gray appeals from the trial court’s order granting Eddie G. Thetford,
Jr.’s motion to modify the parent-child relationship.  We affirm. 

Background Facts

Gray and Thetford are the parents of two children, S.L.T
and S.J.T.  In an agreed order dated August 22, 2005, Gray and Thetford were
appointed as joint managing conservators of the children.  Gray had the
exclusive right to designate the primary residence of the children.   Thetford
was granted possession and access to the children according to the Standard
Possession Order.  In April 2006, Thetford filed a motion to modify the parent-child
relationship asserting that the circumstances of the children and Gray had
materially and substantially changed.   Thetford attached to his motion an
affidavit stating that Gray was in jail on contempt of court charges for thirty
days.  The parties agreed to temporary orders granting Thetford the exclusive
right to determine the primary residence of the children.  On September 18,
2008, the trial court held a final hearing on Thetford’s motion to modify.  The
trial court ordered that the parents remain joint managing conservators of the
children.  Thetford was granted the exclusive right to designate the primary
residence of the children.  Gray was granted possession and access to the
children according to the Standard Possession Order.

Issue on Appeal

Gray raises one issue on appeal asserting that the trial
court erred in modifying the custody order to provide that Thetford has the
exclusive right to designate the primary residence of the children because
there was no evidence of a substantial and material change.  We note that Gray’s
brief contains only one paragraph with a conclusory sentence stating that there
is no evidence that the circumstances of the parties or children had changed. 
Her brief contains no substantive analysis, discussion, or citations to legal authorities
and is not in compliance with Tex. R.
App. P. 38.1(i).  Thetford did not file a brief in this case.  Despite
the lack of adequate briefs from the parties, we will address the issue before
this court in order to serve the interests of justice.  

Standard of Review

We review the trial court’s decision to modify conservatorship
under an abuse of discretion standard.  Gillespie v. Gillsepie, 644
S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion when it acts
arbitrarily or unreasonably or when it clearly fails to correctly analyze or
apply the law.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
242 (Tex. 1985).  Legal and factual insufficiency challenges are not
independent grounds for asserting error in custody determinations but are
relevant factors in assessing whether the trial court abused its discretion.  In re T.D.C., 91
S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied).  An abuse of discretion
does not occur if some evidence of a substantive and probative character exists
to support the trial court’s decision.  Bates v. Tesar, 81 S.W.3d 411,
424-25 (Tex. App.—El Paso 2002, no pet.).  We consider only the evidence most
favorable to the trial court’s ruling and will uphold its judgment on any legal
theory supported by the evidence.  Niskar v. Niskar, 136 S.W.3d 749,
753-54 (Tex. App.—Dallas 2004, no pet.).

 A court may modify a conservatorship order if the
modification would be in the child’s best interest and (1) the circumstances of
the child or the parties have materially and substantially changed since the
date of the original order; (2) if the child is at least twelve years of age and
has expressed to the court the name of the person the child prefers to have the
exclusive right to designate the child’s primary residence; or (3) if the
conservator who has the exclusive right to designate the primary residence of
the child has voluntarily relinquished the primary care and possession of the
child to another person for at least six months. Tex. Fam. Code Ann. § 156.101(a)(3) (Vernon Supp. 2009).  The
best interest of the child is the primary consideration in determining
conservatorship and possession issues.  In re Z.N.H., 280 S.W.3d 481,
486 (Tex. App.—Eastland 2009, no pet.).  However, we will not determine if the
modification is in the children’s best interest unless one of the above three
criteria are met.  In re M.N.G., 113 S.W.3d 27, 33-34 (Tex. App.—Fort
Worth 2003, no pet.). 

When Thetford filed the motion to modify, a material and
substantial change had occurred in Gray’s circumstances.  Gray was in jail for
thirty days for contempt of court for failing to pay child support for another
child not subject to this suit.  She was unable to care for the children during
that time.   Gray voluntarily relinquished primary care to Thetford by agreeing
to the temporary orders that gave Thetford the exclusive right to designate the
primary residence of the children.  Even after Gray was released from jail, she
did not seek to have the children live with her.  She testified that, at that
time, she was not in a stable place.  The final hearing in this cause occurred
more than two years after the trial court entered the temporary orders.  During
that time period, Thetford was the primary caregiver of the children.  Gray did
not assert that the children should live with her until the final hearing.  We
find that there was a material and substantial change in Gray’s circumstances and
that she voluntarily relinquished the primary care and possession of the
children to Thetford for at least six months. 

Because
we find that at least one of the criteria allowing for a modification has been
met, we must determine if the modification was in the children’s best interest.
 One of the public policies of this state is to provide a stable environment
for children.  Tex. Fam. Code Ann.
§ 153.001(a)(2) (Vernon 2008).  The children in this case have been living
with their father for over two years.  Thetford has provided a stable environment
for the children.  The children are enrolled in school and preschool and attend
a daycare after school.  Thetford has family in the area that can help out with
the children if an emergency arises.  Thetford has provided for the children’s
healthcare needs.  Thetford testified that Gray had not seen the children
regularly until shortly before the final hearing.  Gray testified that she
trusts Thetford with her children and that he has done a good job taking care
of them.  She testified that he is a good dad.  The trial court did not abuse
its discretion in finding that it was in the children’s best interest to grant Thetford
the exclusive right to determine their primary residence.  The trial court did
not err in granting Thetford’s motion to modify custody of the children.  We
overrule Gray’s issue on appeal.

Conclusion

We
affirm the trial court’s judgment. 

 

 

                                                                                                        RICK
STRANGE

                                                                                                        JUSTICE

 

June 10, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.