**Opinion filed June 10, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00254-CV

_____

## IN THE INTEREST OF S.L.T. AND S.J.T., CHILDREN

On Appeal from the 70th District Court

Ector County, Texas

Trial Court Cause No. A-119,638

### M E M O R A N D U M   O P I N I O N

Suzanne T. Blanford Gray appeals from the trial court's order granting Eddie G. Thetford, Jr.'s motion to modify the parent-child relationship. We affirm.

*Background Facts*

Gray and Thetford are the parents of two children, S.L.T and S.J.T. In an agreed order dated August 22, 2005, Gray and Thetford were appointed as joint managing conservators of the children. Gray had the exclusive right to designate the primary residence of the children. Thetford was granted possession and access to the children according to the Standard Possession Order. In April 2006, Thetford filed a motion to modify the parent-child relationship asserting that the circumstances of the children and Gray had materially and substantially changed. Thetford attached to his motion an affidavit stating that Gray was in jail on contempt of court

charges for thirty days. The parties agreed to temporary orders granting Thetford the exclusive right to determine the primary residence of the children. On September 18, 2008, the trial court held a final hearing on Thetford's motion to modify. The trial court ordered that the parents remain joint managing conservators of the children. Thetford was granted the exclusive right to designate the primary residence of the children. Gray was granted possession and access to the children according to the Standard Possession Order.

*Issue on Appeal*

Gray raises one issue on appeal asserting that the trial court erred in modifying the custody order to provide that Thetford has the exclusive right to designate the primary residence of the children because there was no evidence of a substantial and material change. We note that Gray's brief contains only one paragraph with a conclusory sentence stating that there is no evidence that the circumstances of the parties or children had changed. Her brief contains no substantive analysis, discussion, or citations to legal authorities and is not in compliance with TEX. R. APP. P. 38.1(i). Thetford did not file a brief in this case. Despite the lack of adequate briefs from the parties, we will address the issue before this court in order to serve the interests of justice.

*Standard of Review*

We review the trial court's decision to modify conservatorship under an abuse of discretion standard. *Gillespie v. Gillsepie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion when it acts arbitrarily or unreasonably or when it clearly fails to correctly analyze or apply the law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). Legal and factual insufficiency challenges are not independent grounds for asserting error in custody determinations but are relevant factors in assessing whether the trial court abused its discretion. *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied). An abuse of discretion does not occur if some evidence of a substantive and probative character exists to support the trial court's decision. *Bates v. Tesar*, 81 S.W.3d 411, 424-25 (Tex. App.—El Paso 2002, no pet.). We consider only the evidence most favorable to the trial court's ruling and will uphold its judgment on any legal theory supported by the evidence. *Niskar v. Niskar*, 136 S.W.3d 749, 753-54 (Tex. App.—Dallas 2004, no pet.).

A court may modify a conservatorship order if the modification would be in the child's best interest and (1) the circumstances of the child or the parties have materially and

substantially changed since the date of the original order; (2) if the child is at least twelve years of age and has expressed to the court the name of the person the child prefers to have the exclusive right to designate the child's primary residence; or (3) if the conservator who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child to another person for at least six months. TEX. FAM. CODE ANN. § 156.101(a)(3) (Vernon Supp. 2009). The best interest of the child is the primary consideration in determining conservatorship and possession issues. *In re Z.N.H.*, 280 S.W.3d 481, 486 (Tex. App.—Eastland 2009, no pet.). However, we will not determine if the modification is in the children's best interest unless one of the above three criteria are met. *In re M.N.G.*, 113 S.W.3d 27, 33-34 (Tex. App.—Fort Worth 2003, no pet.).

When Thetford filed the motion to modify, a material and substantial change had occurred in Gray's circumstances. Gray was in jail for thirty days for contempt of court for failing to pay child support for another child not subject to this suit. She was unable to care for the children during that time. Gray voluntarily relinquished primary care to Thetford by agreeing to the temporary orders that gave Thetford the exclusive right to designate the primary residence of the children. Even after Gray was released from jail, she did not seek to have the children live with her. She testified that, at that time, she was not in a stable place. The final hearing in this cause occurred more than two years after the trial court entered the temporary orders. During that time period, Thetford was the primary caregiver of the children. Gray did not assert that the children should live with her until the final hearing. We find that there was a material and substantial change in Gray's circumstances and that she voluntarily relinquished the primary care and possession of the children to Thetford for at least six months.

Because we find that at least one of the criteria allowing for a modification has been met, we must determine if the modification was in the children's best interest. One of the public policies of this state is to provide a stable environment for children. TEX. FAM. CODE ANN. § 153.001(a)(2) (Vernon 2008). The children in this case have been living with their father for over two years. Thetford has provided a stable environment for the children. The children are enrolled in school and preschool and attend a daycare after school. Thetford has family in the area that can help out with the children if an emergency arises. Thetford has provided for the children's healthcare needs. Thetford testified that Gray had not seen the children regularly until shortly before the final hearing. Gray testified that she trusts Thetford with her children and that

he has done a good job taking care of them. She testified that he is a good dad. The trial court did not abuse its discretion in finding that it was in the children's best interest to grant Thetford the exclusive right to determine their primary residence. The trial court did not err in granting Thetford's motion to modify custody of the children. We overrule Gray's issue on appeal.

*Conclusion*

We affirm the trial court's judgment.


RICK STRANGE

JUSTICE


June 10, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.