Affirmed and Memorandum Opinion
filed April 28, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00059-CV



Mario Antonio
Pavon, Appellant 

v.

Liliam Janett
Hernandez, Appellee 



On Appeal from
the 257th District Court

Harris County, Texas

Trial Court
Cause No. 2008-19281



 

MEMORANDUM OPINION 

This is an appeal from an order in a suit affecting
the parent-child relationship.  Challenging the trial court’s child support
order, the father (1) questions the standard of review applicable to this case
and (2) asserts that the trial court either erred in determining appellant’s available
monthly net resources and in setting the amount owed for child support or that the
evidence is legally insufficient to support either determination.  We affirm.

Factual and Procedural
Background

The Office of the Attorney General of Texas filed a petition
to establish the parent-child relationship between appellant Mario Antonio
Pavon and two children S.J.P., a minor, and K.P., who already had reached
majority by 2008, when the suit was filed.  After ordering and receiving
results from blood tests, an associate judge entered an order establishing the
parent-child relationship, finding that Pavon is the biological father of the
children.  As relevant to this appeal, the associate judge ordered Pavon to pay
appellee Liliam Janett Hernandez, the children’s mother, monthly child support. 


Pavon requested a de novo hearing to review the
findings pertaining to the amount of monthly child support, among other things. 
The record reflects that Pavon, K.P., and Hernandez testified at this hearing. 
The trial court ordered Pavon to pay Hernandez $665 each month for child
support for S.J.P., noting that Pavon had $3,800 available in monthly net
resources.  Pavon challenges the trial court’s finding as to his monthly net
resources and the monthly child-support award.

Standard of Review

A trial court’s order setting or modifying child
support is reviewed under an abuse-of-discretion standard.  Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).  The test for abuse
of discretion is whether the trial court acted arbitrarily or unreasonably,
that is, without reference to guiding rules and principles.  Id.  In
making this determination, we must view the evidence in the light most
favorable to the trial court’s rulings and indulge every legal presumption in
favor of the judgment.  Holley v. Holley, 864 S.W.2d 703, 706 (Tex.
App.—Houston [1st Dist.] 1993, writ denied).  We do not treat allegations of
legal and factual insufficiency as independent grounds of error in this context
because the appropriate standard of review is abuse of discretion.  Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991).  A trial court
abuses its discretion as to legal issues when it fails to analyze or apply the
law correctly.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  To
the extent Pavon suggests the application of a different standard of review, we
find no merit in his arguments and we overrule his first issue. 

Child
Support

            In his
second issue, Pavon claims the trial court abused its discretion in determining
that his available monthly net resources were $3,800.  According to Pavon, the
record contains no evidence to support the trial court’s implied finding that
the sale of his barber shop business in 2009 to his live-in girlfriend was a
“sham.”  Pavon claims that the evidence is insufficient as to the trial court’s
implied finding, and therefore, as raised in his third issue, the trial court
erred in setting his monthly child-support obligation at $665.  Pavon asserts
on appeal that the evidence establishes as a matter of law that his available
net monthly resources amount to $500.  We may uphold the trial court’s judgment
based upon any legal theory supported by the record.  See Worford,
801 S.W.2d at 109. 

The amount of a periodic child support payment
established by the child-support guidelines contained in the Texas Family Code is
presumed to be reasonable and in a child’s best interest.  See Tex. Fam. Code Ann. § 154.122(a) (West
2008).  A trial court “shall calculate net resources for the purpose of determining
child support liability.”  Id. § 154.062(a) (West 2008).  A
determination of “net resources” includes consideration of all wage and salary
income, self-employment income, net rental income, and all other income
actually being received.  Id. § 154.062(b).  

Evidence established that Pavon is a licensed barber
who, at one time, owned his own business, located on Fulton Street.  Pavon
testified that his net earnings for his business were $8,313 in 2008 at one barber
shop and $12,899 in 2007 in a different shop.  According to Pavon, he became so
ill in 2008 that he was unable to manage his business.  He claimed that in
January 2009 he sold a barber shop to his live-in girlfriend for $60,000.  For
this transaction he received an initial payment of $5,000, which he put towards
medical bills.  No other evidence of the transfer appears in the record.  Pavon
testified that, as of trial in August 2009, his only income is a $500 monthly
payment he receives from his girlfriend for the sale of his business.  A statement
of Pavon’s financial information shows Pavon’s gross monthly income, as of
February 2009, as $2,000 and monthly expenses totaling $3,939.  

Pavon testified that he had been unable to work as a
result of his medical condition, and that he had sought medical treatment many
times in Honduras in 2008.  Although at the time of the hearing, Pavon’s doctor
had advised him not to work, Pavon testified that he planned to return to work
the following month at the barber shop that he previously had owned.  Pavon
testified that he would work five hours each day and earn sixty percent of the
income he generated for the business.  

Pavon testified that, as reflected in a 2008 tax
return,[1]
his business grossed $98,000 and employees were paid $39,870.  Pavon asserts on
appeal that in extrapolating these figures over the course of twelve months, the
figures amount to roughly $4,800 in monthly net resources.  Based on Pavon’s
calculations of these numbers, he asserts the trial court improperly based its
determination of net resources on a theory that the sale of his business was a
sham and that he is still deriving income from the barber shop.

A child-support obligor qualified to obtain gainful
employment cannot avoid a support obligation by voluntarily remaining
underemployed or unemployed.  Iliff v. Iliff, No. 09-0753, —S.W.3d—,—,
2011 WL 1446725, at *5 (Tex. Apr. 15, 2011).  Once
the parent obligated to pay child support offers proof of his or her current
wages, the other parent bears the burden to show that the obligor is intentionally
underemployed or unemployed.  Id.  The burden then shifts to the
obligor, if necessary, to offer evidence in rebuttal.  Id.  The trial court may consider whether the obligor is
attempting to avoid child support by becoming or remaining unemployed or underemployed
as a factor in determining child support.  Id. (noting that such
evidence may be particularly relevant or dispositive of the matter).  In
addition to considering a parent’s duty to support and provide for his or her
child, a court also must consider any proffered rebuttal evidence of reasons
for an obligor’s intentional unemployment or underemployment, including a
parent’s pursuit of his or her own happiness and other reasons that might be in
the best interest of the child.  See id. (listing various laudable
reasons why a spouse might choose unemployment or underemployment).  

As fact-finder, the trial court had the discretion to
disbelieve Pavon’s testimony as to his net resources; the trial court was not
required to accept as true Pavon’s testimony of his income and net resources.  See
id.  Because the trier of fact is in a better position to determine the
candor, demeanor, and credibility of the witnesses, we will not substitute our
judgment for that of the trial court.  See id.  By its ruling, the trial
court disbelieved Pavon’s testimony that he received only $500 in monthly
income from the sale of his business, had no other income or other property
from which he derived funds, and was unable to work.  See id.  The trial
court reasonably could have concluded that Pavon became intentionally
unemployed or underemployed by transferring his business to his live-in
girlfriend after the Attorney General filed suit for child support.  See id.

A trial court may apply the support guidelines to a
parent-obligor’s earning potential, rather than actual income, if the obligor
is intentionally underemployed or unemployed.  See Tex. Fam. Code Ann. § 154.066(a) (West 2008). 
The trial court also may assign a reasonable amount of deemed income to income-producing
assets that a party has transferred voluntarily or on which earnings have
intentionally been reduced.  Id. § 154.067(b) (West 2008).  The trial
court reasonably could have found that Pavon voluntarily transferred his
business to intentionally reduce his earnings after he was sued for child support. 
Likewise, the trial court reasonably could have found that Pavon’s earning
potential, as a licensed barber, was commensurate with the 2008 tax return
figures.

A trial court may assign a reasonable amount of deemed
income attributable to assets that currently do not produce income.  See id.
§ 154.067(a).  Although Pavon denied owning any other businesses,
Pavon’s adult daughter, K.P., testified that Pavon owns two businesses by the
same name —“Mario’s Barber Shop.”  One is located on Fulton Street and another
is located on Aldine-Bender Road.  Photographs of both establishments were admitted
into evidence.  K.P. claimed to have assisted in work at her father’s
businesses.  Despite Pavon’s claim that he earned only $500 each month, the
trial court reasonably could have concluded that Pavon had other undisclosed
financial resources or income.  See Niskar v. Niskar, 136 S.W.3d 749,
759 (Tex. App.—Dallas 2004, no pet.).  

K.P. also testified that Pavon owns two homes and
that she had lived in both with Pavon when she was a minor.  K.P. asserted that
she would accompany Pavon to collect rental payments for one of the homes. 
K.P. testified that she was present when Pavon closed on the purchase of the second
home, the home in which he currently lives, and that she witnessed him signing
the closing documents.  K.P. also testified that Pavon owns rental property in
Honduras.  The trial court could have considered Pavon’s business on Aldine
Bender Road and the rental properties, in addition to Pavon’s earnings, when the
trial court determined the amount of child support to award.  See Goodson v.
Castellanos, 214 S.W.3d 741, 757 (Tex. App.—Austin 2007, pet. denied).  We
conclude the record contains sufficient evidence to support the trial court’s
finding that Pavon’s net monthly resources were $3,800.  

Viewing the evidence in the light most favorable to
the trial court’s judgment and findings, we conclude the trial court did not
abuse its discretion in setting Pavon’s child support obligations based on
Pavon’s monthly net resources.  We overrule Pavon’s second and third issues.  

            The
trial court’s judgment is affirmed.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Anderson, Frost, and Brown.









[1]
Although the record reflects that Pavon filed a tax return with the trial
court, it is not a part of the record.