**Opinion filed June 15, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00319-CV

_____

## IN THE INTEREST OF A.K.B., A CHILD

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 60,346**

### M E M O R A N D U M   O P I N I O N

In a single issue, Appellant, S.R.S., contends that the trial court abused its discretion by making a temporary deviation from the standard possession order pertaining to her possession of and access to A.K.B., her minor daughter. Specifically, Appellant protests the trial court's order limiting her possession of the child to once a month for a one-year period. We affirm.

### *Factual Background*

The Department of Family and Protective Services instituted the underlying proceedings as a suit for the protection and conservatorship of A.K.B., who was three years old at the time of the final hearing. The Department also sought the

termination of Appellant's parental rights in its initial pleadings. Daisy Campos, a caseworker for Child Protective Services, testified that the child was removed from Appellant's custody based upon concerns of Appellant's drug use and mental health issues that included suicide attempts and at least forty hospitalizations. At the time of the removal, the child was living with her maternal grandmother in dirty conditions; Appellant's whereabouts were unknown.

The Department originally placed A.K.B. with a foster family. However, the foster family was unable to care for the child's special needs, which included a narrowed esophagus and delayed speech development. The Department then placed the child with Appellee, the child's father.

Campos testified that A.K.B. had done well in the placement with Appellee. Campos further testified that Appellant had satisfactorily performed the tasks required of her by the various programs and services required by the Department. Accordingly, the Department was no longer seeking the termination of Appellant's parental rights at the time of the final hearing. Instead, the Department recommended that Appellant and Appellee be named as joint managing conservators with Appellee being named as the parent to designate the child's primary residence. Campos also stated that the Department recommended a "standard visitation order."

At the conclusion of the final hearing, the trial court orally announced that the parents would be named as joint managing conservators with Appellee being the parent to determine A.K.B.'s primary residence. The trial court also announced that Appellant would receive "standard visitation." Appellee's counsel asked the trial court for clarification on the number of visitations that Appellant would have each month when he asked, "[I]t's just once a month for 100 miles, is that correct?" When the trial court replied to the question in the affirmative, Appellant's counsel apprised the court that, under the standard possession order for parents living more than 100 miles apart, the noncustodial parent has an election to exercise visitation either every

2

other weekend or once a month. *See* TEX. FAM. CODE ANN. § 153.313(1) (West 2014). At the conclusion of the trial court's ruling, the trial court announced that Appellant would have visitation with A.K.B. for once a month for the first year and that, after one year, it would be her election between every other weekend or once a month.

*Analysis*

A trial court has broad discretion to fashion the terms of an order related to custody, visitation, and possession. *See In re Marriage of Swim*, 291 S.W.3d 500, 504 (Tex. App.—Amarillo 2009, no pet.). "The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." FAM. § 153.002. Because a trial court has broad discretion to decide the best interest of a child in family law matters such as custody, visitation, and possession, we review a trial court's order addressing these matters for an abuse of discretion. *See Arredondo v. Betancourt*, 383 S.W.3d 730, 734 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The trial court's order on these matters may be reversed only if it appears that the court abused its discretion in light of the record as a whole. *In re Marriage of Swim*, 291 S.W.3d at 504. A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). There is no abuse of discretion where the record contains some evidence of a substantive and probative character in support of the trial court's decision. *In re Marriage of Swim*, 291 S.W.3d at 504.

The public policy in this State is to assure continuing contact between children and parents who have established the ability to act in their child's best interest; to provide a safe, stable, and nonviolent environment for the child; and to encourage parents to share in their child's development. FAM. § 153.001(a). While the guidelines in the standard possession order are intended to guide courts as to the

minimum possession for a joint managing conservator, there is a rebuttable presumption that the standard possession order provides the reasonable minimum possession of a child for a parent named as a joint managing conservator and that the order is in the child's best interest. *In re N.P.M.*, 509 S.W.3d 560, 564 (Tex. App.—El Paso 2016, no pet.); *see* FAM. §§ 153.251(a), 153.252(1), (2). If there is sufficient evidence to rebut this presumption, however, the trial court may then deviate from the standard possession order. *N.P.M.*, 509 S.W.3d at 564; *see* FAM. § 153.256. When deviating from the standard possession order, the trial court may consider (1) the age, developmental status, circumstances, needs, and the best interest of the child; (2) the circumstances of the managing conservator and of the parent named as a possessory conservator; and (3) any other relevant factor. FAM. § 153.256.

We note at the outset that Section 153.258 provides a mechanism whereby a party can request the trial court to specify the reasons why it deviated from the standard possession order. FAM. § 153.258. Appellant did not request findings under this section. Accordingly, we apply the same standard of review as when a party fails to make a request for findings of fact under Rules 296 through 299 of the Texas Rules of Civil Procedure. *See Niskar v. Niskar*, 136 S.W.3d 749, 754 (Tex. App.—Dallas 2004, no pet.). It is implied that the trial court made all findings necessary to support its judgment. *Worford*, 801 S.W.2d at 109.

Appellant is correct that, when the parents live over 100 miles apart, the standard possession order gives the noncustodial parent an election between every-other-weekend possession and once-a-month possession. FAM. § 153.313. Appellant contends that the trial court abused its discretion in making the temporary deviation from the provisions of Section 153.313 because there was no evidence offered to show that the variance was in the child's best interest. We disagree.

Appellant resides in Midland, and Appellee resides in Bowie, which are approximately 300 miles apart. Both parties discussed having difficulties in traveling such a long distance. As noted previously, A.K.B. was three at the time of the final hearing. Both parents testified that the exchanges were difficult on her. The parties requested the trial court to set the exchange point at the police station in Abilene, which was roughly halfway between the parties' residences. The trial court accommodated this request. It was necessary for the exchanges to occur at the police station because of past problems between Appellant and Appellee during exchanges. Additionally, the parties were ordered to only communicate by e-mail because of past communication difficulties.

In addition to the past difficulties in travel and communication between the parties, the evidence offered at the final hearing indicated that Appellant had only begun residing in her current living arrangement three or four days prior to the final hearing. Campos responded in the affirmative to a question asking her if it was "too soon to tell" if Appellant's new living arrangement was going to work out. In her new living arrangement, Appellant resided with her boyfriend and four children, at least one of which also had special needs. Campos testified that the Department was concerned about Appellant's ability to take on the care of A.K.B. along with the other children. While this evidence was directed at the conservatorship issue, it also addresses Appellant's initial ability to accommodate possession of A.K.B.

Given the evidence, we cannot say that the trial court abused its discretion in limiting Appellant's visitation to once a month for the first year. The evidence supports the conclusion that the deviation was in A.K.B.'s best interest because of her young age, her past difficulties with traveling long distances, and the history of difficult exchanges between her parents. Additionally, the evidence concerning Appellant's relatively new living arrangement and her past issues prompting the Department's intervention into A.K.B.'s life also support the trial court's decision

to provide for a gradual transition into the visitation provisions of the standard possession order.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

JUSTICE


June 15, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.