**Affirmed; Opinion Filed December 28, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-19-00923-CV**
_____

**CURTIS MAYS, Appellant**
**V.**
**PIPER HUNN, TRISHA MOORE AND RED DOG PROPERTIES, LLC,**
**Appellees**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-04535-C**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Myers

Curtis Mays appeals the trial court's judgment awarding appellees Piper

Hunn, Trisha Moore, and Red Dog Properties, LLC damages and attorney's fees

following a trial before the court. Appellant brings one issue on appeal contending

"[t]he trial court's rulings were arbitrary and inconsistent with statutory and

accepted case law." Appellant presents twenty-two arguments under this issue.[1] We affirm the trial court's judgment.

## BACKGROUND

Appellees alleged they entered into a contract with appellant's company, Cobalt Properties, LLC, to rehabilitate and sell a residence and divide the net profits. Appellees alleged appellant provided false financial information to them about the project, made other misrepresentations, interfered with the contract, and breached their contract by taking a commission on listing the property. Appellant brought a counterclaim alleging appellees did not equally split the net profits with him and failed to comply with other duties.

Appellees brought suit against appellant and Cobalt alleging causes of action for fraudulent inducement, common law fraud, constructive fraud, and negligent misrepresentation. Appellees sought damages as well as declaratory and injunctive relief. Appellant brought a counterclaim alleging appellees breached the contract by not equally splitting the net profits with him and by other acts and omissions. Appellant also brought claims for theft liability, unjust enrichment, civil conspiracy, fraud, and tortious interference with contract.

Appellant was represented by counsel who filed an answer with affirmative defenses and filed appellant's counterclaim. Appellant's counsel later withdrew,

---

[1] Appellant's arguments are numbered 1 through 22. However, there is no argument 8, but there are two separate arguments numbered 17.

and appellant represented himself throughout much of the litigation. Appellant, then pro se, filed motions for summary judgment on appellees' claims and on his affirmative defenses. Appellant did not appear at the hearing on the motions for summary judgment, and the trial court denied the motions. Appellant also moved for the trial judge to recuse herself, and the regional presiding judge denied the motion because appellant did not verify the motion to recuse. Appellant filed numerous other pretrial motions that were either not ruled on or were denied.

Two days before the bench trial, appellant filed a demand for a jury trial and paid the jury fee. Appellees moved to strike the jury demand as untimely. The trial court granted appellees' motion, and the case proceeded to a bench trial.

During the trial, the court informed appellant he was missing information to prove his case and told him to bring the information the next day "at 9 a.m." On the second day, appellant did not appear at 9:00 a.m. The trial court began the hearing with appellees present at 10:41 a.m. and rendered judgment for appellees at 11:11 a.m. Appellant entered the courtroom at 11:13 a.m., and the court told appellant the case was over and that he would have to file a motion for new trial. The trial court signed a judgment in favor of appellees.

Appellant filed a motion for new trial. The trial court held a hearing on the motion, but appellant did not appear. The court denied the motion for new trial. Appellant also filed a request for findings of fact and conclusions of law. The trial

court did not file findings and conclusions, and appellant did not file a notice of past due findings of fact and conclusions of law.

## PRO SE PARTIES

Appellant was pro se at trial and on appeal. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

Appellant's brief is deficient. He includes no citations to the record in addition to other defects. *See* TEX. R. APP. P. 38.1(i). We informed appellant of the defects and requested him to amend his brief to correct the defects, but he did not do so. In the interest of justice, we will address his arguments to the extent we can do so.

## TEMPORARY RESTRAINING ORDER

In his twentieth and twenty-first arguments, appellant argues the trial court erred in entering a temporary restraining order, and he argues the order was void for not complying with the rules of civil procedure. A temporary restraining order is generally not appealable following a final judgment. *In re Newton*, 146 S.W.3d

648, 652 (Tex. 2004) (orig. proceeding).  Accordingly, we cannot consider appellant's arguments concerning the temporary restraining order.

## PRETRIAL MOTIONS FOR SUMMARY JUDGMENT

Appellant's fifth, sixth, and seventh issues complain that the trial court erred in denying his two motions for summary judgment.  The denial of a motion for summary judgment that is followed by a trial on the merits of the issues in the motion for summary judgment is not appealable.  *Kings River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 447 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).  In this case, appellant moved for summary judgment on appellees' claims and on his affirmative defenses. The trial court denied appellant's motions for summary judgment and then held a trial on the parties' claims and defenses.  Therefore, we cannot consider appellant's arguments that the trial court erred by denying the motions for summary judgment.

## MOTION FOR SANCTIONS

Appellant's fifteenth argument asserts that the trial court abused its discretion in denying appellant's motion for sanctions.  The record shows the trial court did not rule on the motion for sanctions.  The court heard the motion for sanctions in the hearing on appellant's motions for summary judgment but did not rule on the motion during that hearing.  The court later explained during the trial, "I didn't rule on the motion for sanctions.  I didn't get there because it involved facts involving this case.  I had no idea, so I just didn't rule on it."

To preserve error for appellate review, "the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . and (2) the trial court (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a). In this case, appellant did not obtain a ruling on the motion for sanctions, and he does not direct us to any place in the record, and we have not found in the record, where he objected to the trial court's refusal to rule. We conclude appellant has not preserved any error concerning the trial court's failure to rule on his motion for sanctions.

## MOTION TO COMPEL DISCOVERY

Appellant asserts in his ninth argument that the trial court "abused its discretion by ignoring [appellant's] pretrial Motion to Compel Discovery." At the trial, the court told appellant that the motion to compel discovery had not been set for a hearing. The court then paused the trial for the parties to exchange information. The court told them, "if there's some sort of discovery you want from her, you ask. If there's some sort of discovery you want from him, you ask. Okay? We're going to get this cleaned up." The court also directed appellees' counsel to answer appellant's requests for admission. When the parties returned, they informed the court they had reached an agreement on some discovery matters

and had objections about others.  The trial court ruled on the objections, and the trial continued.

Thus, the record does not show the trial court ignored appellant's motion to compel discovery.  Instead, the record shows that as soon as the court learned of the motion, the court stopped the trial for the parties to comply with the discovery requests.

## REQUESTS FOR ADMISSIONS

Appellant's second and third arguments assert the trial court erred in denying appellant's motion to dismiss because appellees failed to answer appellant's requests for admissions, resulting in deemed admissions that admitted appellees' entire case.  *See* TEX. R. CIV. P. 198.1, 198.2(c).  Appellant filed the motion to dismiss on the first day of trial.

During the trial, the parties discussed appellees' failure to answer requests for admission, but appellant did not mention the motion to dismiss.  Appellant does not refer this Court to any place in the record where the trial court ruled on the motion to dismiss.  Therefore, appellant has not preserved error for appellate review.  *See* TEX. R. APP. P. 33.1(a)(2).  Even if any error were preserved, the requests for admission are not in the appellate record, so this Court cannot determine what appellees may have admitted.  Thus, even if the trial court had denied the motion to dismiss, the record does not show such a ruling would have been erroneous or would have constituted reversible error.  *See id.* 44.1(a)(1) ("No

–7–

judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably cause the rendition of an improper judgment . . . .")

## REQUEST FOR A JURY TRIAL

Appellant's sixteenth argument asserts the trial court abused its discretion in removing the case from the jury docket even though appellant had paid the jury fee. Appellant's request for a jury trial is not in the record, but the court's docket shows it was filed two days before trial. Appellees objected to the request for a jury trial as untimely and asserted it did not allow them sufficient time to prepare for a jury trial. The trial court denied appellant's request for a jury trial.

Rule of Civil Procedure 216 states that a request for a jury trial must be filed "a reasonable time before the date set for trial of the cause on the non-jury docket, but no less than thirty days in advance." TEX. R. CIV. P. 216(a). Appellant's request only two days before the trial was not in compliance with Rule 216.

A trial court does not abuse its discretion by denying a request for a jury trial that does not comply with the requirements of Rule 216. *See Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985) (per curiam). Trial courts have discretion to determine whether a request for a jury trial is made in a reasonable amount of time. *Girdner v. Rose*, 213 S.W.3d 438, 443 (Tex. App.—Eastland 2006, no pet.). Appellees told the trial court they had not had a chance to prepare for a jury trial. Accordingly, the trial court did not abuse its discretion by denying appellant's

request for a jury trial. *See Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 70 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

## MOTION FOR CONTINUANCE

Appellant asserts in his nineteenth argument that the trial court abused its discretion in denying appellant's pretrial motion for continuance. "The granting or denial of a motion for continuance is within the trial court's sound discretion. The trial court's action will not be disturbed unless the record discloses a clear abuse of discretion." *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (citations omitted).

In the motion, appellant asserted he required a continuance because the trial court had not ruled on his motions for summary judgment and for sanctions and because appellees had not answered appellant's discovery requests. The day after appellant filed the motion for continuance, the trial court signed the order denying appellant's motions for summary judgment. At the trial, the court stated the court would not grant a continuance for a jury trial and stated appellant "didn't have any pretrial matters that weren't dealt with." Appellant reminded the court of the outstanding discovery requests, and the court paused the trial for the parties to exchange information. Appellant did not reassert his motion for continuance to the court. Appellant states on appeal that he needed adequate time to prepare based on the court's rulings on the motions for summary judgment, but he does not explain

how those rulings left him unprepared for trial. We conclude appellant has not shown the trial court abused its discretion in denying his motion for continuance.

## TRIAL

In his fourth, twelfth, and thirteenth arguments, appellant argues the trial court committed error during the trial.

In the fourth argument, appellant asserts the trial court erred in finding appellees suffered damages. We interpret this argument as asserting no evidence supports the trial court's judgment awarding damages. When no findings of fact and conclusions of law were properly requested or filed, it is implied that the trial court made all findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.). The judgment will be upheld on any legal theory that finds support in the evidence. *Niskar*, 136 S.W.3d at 754.

We review the implied findings of fact for legal and factual sufficiency, and we review the trial court's implied legal conclusions de novo. *In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no pet.). When addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Formosa Plastics*

*Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

In a factual sufficiency review, we view all the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence such that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.).

> Appellant argues:
>
> The trial court abused its discretion in awarding anything of value to the appellees. **Appellees suffered no damages.** They finally admitted at trial that there were no contested matters on *The Final Income Statement.* They were paid back their loan of $25,000, earned $4200 in profit, which was sitting in escrow then moved to the court's registry. They received everything they were contractually entitled to. Their citation is vague, lacks specificity, and offered no evidence to support any of their claims. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

Appellant provides no explanation of how this argument shows appellees suffered no damages. The fact that appellees were paid back their initial investment and earned some profit does not mean they did not suffer damages. "The Final Income Statement" to which appellant refers appears to be appellant's exhibit 7, which the trial court did not admit into evidence. We cannot discern what appellant means by "their citation." It is also not clear why appellant cited to *Brownlee*; that case involved a summary judgment on a claim for breach of a settlement agreement concerning child support and contractual alimony, and it does not appear relevant to any issue in this case.

–11–

Moreover, the record shows appellees suffered some damages. The parties agreed in their contract that appellant "be the listing agent with zero commission granted on the listing side." The closing documents showed appellant was paid a commission of $7,350, but the parties agreed it was really a commission of $6,875 plus $475 broker's fee. Because appellant agreed not to receive a commission, the trial court could reasonably determine that the $6,875 commission should have been part of the proceeds divided between appellant and appellees. The record shows that at the closing, appellant and appellees were not in agreement about the division of $12,337.76 of the proceeds, and that amount was eventually placed in the registry of the court. The reporter's record from the second day of trial, at which appellant did not appear until after the trial court had rendered judgment, indicates the trial court added the $6,875 commission to the $12,337.76 in the court's registry to reach a total of $19,212.76, and the court awarded half that amount, $9,606.38, to appellees. The final judgment also awarded appellees their attorney's fees. The judgment ordered that appellees be paid the $9,606.38 and part of the attorney's fees from the funds in the registry of the court and awarded appellees judgment against appellant for the remaining amount of the attorney's fees. Appellant does not explain why this calculation was incorrect.[2] We conclude

_____

[2] Appellant states in his brief he "has clearly demonstrated on the Income Statement that he never charged the project a commission." The income statement was not admitted into evidence and is not part of the appellate record; therefore, we cannot consider it. Appellant also states he "received a cash advance from eCommissions which was paid back out of the capital he invested in the project."

the evidence is sufficient to support the trial court's implied finding that appellees suffered some damages.

In the twelfth and thirteenth arguments, appellant asserts the trial court disallowed him from asking appellees questions about things their attorney said. Appellant does not cite to where in the record the trial court disallowed him from asking these questions. We have reviewed the record, and we do not see where the trial court disallowed appellant from asking appellees these questions. Appellees did not testify, and appellant did not call appellees to testify, so it does not appear appellant tried to ask appellees the questions. The asserted error was the trial court's exclusion of evidence. Therefore, to preserve any error for appellate review, appellant had to make an offer of proof informing the court of the substance of the evidence "unless the substance was apparent from the context." TEX. R. EVID. 103(a)(2). Appellant did not make the required offer of proof, and the substance was not apparent from the context, so no error was preserved for appellate review.

## MOTION FOR NEW TRIAL

Appellant's first, tenth, eleventh, fourteenth, and eighteenth arguments, as well as the second of his arguments numbered seventeen, assert the trial court abused its discretion in denying appellant's motion for new trial. We review the

Appellant provides no citation to the record containing evidence that he paid back the commission on the sale of the house.

–13–

trial court's denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

In his first argument, appellant asserts, "A new trial was warranted due to the plaintiff's misconduct, and refusal to provide [d]iscovery. Along with multiple court rulings that: were not grounded in facts, violated the Texas Rules of Court, and were contrary to currently accepted case law." Appellant does not identify the asserted misconduct or the missing discovery. Nor does he identify which trial court rulings were contrary to the facts and the law or which rules and case law the unidentified rulings violated. This argument does not show the trial court abused its discretion.

In his tenth argument, appellant asserts the trial court abused its discretion in denying the motion for new trial because appellees' attorney committed "fraud upon the court." Appellant asserts appellees' attorney "presented a Home Depot account statement belonging to Cobalt Property Solutions, as a debt incurred by her clients. Thus fraudulently claiming nonexistent damages." The record includes an exhibit that is a letter from what appears to be a collection agency for Cobalt's unpaid Home Depot credit card account verifying that the balance on the account was $12,761.80 and included about thirteen months' of account statements. Appellant states in his brief and in his motion for new trial that he opened the Home Depot account for Cobalt's use only and that it has no connection to appellees. However, appellant presented no evidence of those facts.

–14–

The reporter's record of the trial contains two mentions of Home Depot. The first is appellees' attorney's statement on the first day of trial, "There is a Home Depot debt collection letter" that was admitted into evidence as Plaintiffs' exhibit 10. The second is on the second day of trial when appellees' attorney read into the record an e-mail she received from appellant that morning. In the e-mail, appellant stated, "Why do you all have my Home Depot bill as part of your case files?" The record does not show the Home Depot bill was a basis of appellees' damages, and appellant does not explain how the Home Depot bill figured into appellees' damages. As explained above, the judgment for appellees consisted of half the amount of the funds in the registry of the court and half the commission paid to appellant on the sale of the house plus appellees' attorney's fees. Appellant's argument does not show the trial court abused its discretion by denying this ground of the motion for new trial.

In his eleventh argument, appellant argues the trial court abused its discretion in denying the motion for new trial because appellees' attorney "would be disqualified from serving as the [appellees'] attorney." Appellant argues that appellees' attorney "was a central figure in the planning stages of the [f]raud and was present at an illegal meeting that took place when [appellees] and [an employee of the title company] conspired to convert [appellant's] funds." Appellant does not explain what evidence shows appellees' attorney committed fraud or was involved in a conspiracy to defraud appellant. Nor does appellant cite

any authority demonstrating that appellees' attorney was disqualified from representing appellees in this case. This argument does not show the trial court abused its discretion.

Appellant asserts in his fourteenth argument that the trial court "abused its discretion in denying appellant a new trial so that [appellees' attorneys] can be called to testify under oath and at length. Their actions through this ordeal demonstrate they are accomplices rather than advocates." Appellant does not cite to any evidence in the record in support of this assertion. Nor does he cite to any authority showing the trial court abused its discretion. Also, the trial court held a hearing on appellant's motion for new trial at which appellant could have requested the trial court to require the attorneys to testify,[3] but appellant did not appear at the hearing. This argument does not show the trial court abused its discretion.

In the second of his arguments numbered seventeen, appellant argues the trial court abused its discretion in denying the motion for new trial because "[appellant's] tardiness on April 12, 2019 [the second day of trial] was not intentional. He sustained a pinched nerve in his neck the night prior which severely limited his range of motion, making it very difficult to dress himself or even hold his head upright." When appellant appeared on the second day of the

_____

[3] We make no determination of whether the trial court would abuse its discretion by denying such a request.

trial over two hours late, he told the court, "I slept in my office chair last night." He did not mention a pinched nerve, limited range of motion, or debilitating pain. The record also shows that on the morning of the second day of trial, he sent an e-mail to appellees' attorney, but he did not mention that he planned to be in court but would be late, that he had suffered a pinched nerve, or that he had limited range of motion or was suffering debilitating pain. Appellant also states in his brief:

> Furthermore, the appellant was not adequately prepared for trial anyway. The appellant's only goal was to file the necessary summary judgment motions, have the appellees' lawsuit tossed, then hire an attorney to handle his countersuit or most likely settlement negotiations.

Appellant does not explain how his lack of preparation for trial or the trial court's ruling against him on his motions for summary judgment entitled him to a new trial. Appellant cites no authority in support of these arguments. Appellant has not shown the trial court abused its discretion by denying the motion for new trial because appellant was late arriving on the second day of the trial.

In his eighteenth argument, appellant asserts the trial court abused its discretion by denying his motion for new trial because appellant, as a non-attorney pro se defendant, could not represent the co-defendant, Cobalt Property Solutions, LLC. Appellant does not explain why the company's lack of representation entitles either appellant or Cobalt to a new trial. Appellant has not shown Cobalt would be represented by counsel if the motion for new trial were granted. Nor has

he cited to any authority requiring the granting of the motion for new trial under these circumstances. This argument does not show the trial court abused its discretion.

## OTHER POST-TRIAL MOTIONS

In his first argument numbered seventeen, appellant argues the trial court abused its discretion in canceling the hearing on appellant's post-trial motions. The trial court held a hearing on appellant's motion for new trial, but the reporter's record for that hearing shows appellant did not appear. Besides the motion for new trial, appellant also filed an amended motion for new trial, a motion to reconsider appellant's motion to dismiss appellees' claims, a motion to modify, correct, or reform the judgment, and a motion to vacate the temporary restraining order. Appellant does not cite to the record showing that a hearing on any of these post-trial motions was scheduled and canceled. This argument does not show the trial court abused its discretion.

Appellant also argues the trial court "refused to respond to the appellant's request for Findings of Fact/Conclusions of Law." Appellant filed a request for findings of fact and conclusions of law before the trial court signed the judgment. A premature request for findings of fact and conclusions of law is deemed to have been filed "on the date of but subsequent to the time of signing of the judgment." TEX. R. CIV. P. 306c. Appellants' request, thus, was deemed filed on the day the trial court signed the judgment, April 25, 2019. The trial court's findings and

conclusions were due twenty days later, on May 15, 2019. *See* TEX. R. CIV. P. 297. The trial court did not meet that deadline, so appellant was required to file a notice of past due findings of fact and conclusions of law by May 28, 2019.[4] *Id.* Appellant did not file notice of past due findings of fact and conclusions of law. Therefore, appellant has waived any complaint concerning the trial court's failure to file findings of fact and conclusions of law. *See Burns v. Burns*, 116 S.W.3d 916, 922 (Tex. App.—Dallas 2003, no pet.).

Appellant also argues he did not receive due process of law. Appellant lists ten rights of procedural due process, citing a law review article. *See* Henry J. Friendly, *"Some Kind of Hearing,"* 123 UNIV. PA. L. REV. 1267, 1267–94 (1975). Appellant does not explain or provide citations to the record showing how any of these rights were violated. Appellant has not shown that the trial court abused its discretion.

## OTHER ARGUMENTS

Appellant's twenty-second argument consists solely of quoting Canon 3(D)(1) of the Code of Judicial Conduct.[5] Appellant does not explain the relevance

---

[4] The notice of past due findings of fact and conclusions of law was due thirty days after the request for findings of fact and conclusions of law. Thirty days after April 25, 2019 was Saturday, May 25, 2019. The notice of past due findings of fact and conclusions of law were thus due on the first business day after May 25, 2019 that was not a Saturday, Sunday, or legal holiday. TEX. R. CIV. P. 4. Monday, May 27, 2019, was a legal holiday, Memorial Day, so the notice of past due findings of fact and conclusions of law was due on May 28, 2019. *See* TEX. GOV'T CODE ANN. § 662.003(a)(4) (Memorial Day is a national holiday); *id.* § 662.021(1) (legal holiday includes national holidays under § 662.003(a)).

[5] Canon 3(D)(1) provides:

of that Canon to this case, how it applies, or how it would entitle him to relief in this case. This argument lacks merit.

Although not part of his twenty-two arguments, appellant asserted in the statement of his issue that the trial judge "should have recused herself or simply transferred the case." Appellant filed an unverified motion to recuse. Rule of Civil Procedure 18a(a)(1) states that a motion to recuse the trial court "must be verified." TEX. R. CIV. P. 18a(a)(1). The presiding administrative judge denied the motion because it was unverified. Appellant cites no authority showing the trial judge was required to recuse herself or transfer the case to another court. This argument lacks merit.

## CONCLUSION

Appellant has not demonstrated that the trial court's rulings "were arbitrary and inconsistent with statutory and accepted case law." We overrule appellant's issue on appeal.

---

A judge who receives information clearly establishing that another judge has committed a violation of this Code should take appropriate action. A judge having knowledge that another judge has committed a violation of this Code that raises a substantial question as to the other judge's fitness for office shall inform the State Commission on Judicial Conduct or take other appropriate action.

TEX. CODE JUD. CONDUCT, Canon 2(A), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

190923F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CURTIS MAYS, Appellant

No. 05-19-00923-CV V.

PIPER HUNN, TRISHA MOORE
AND RED DOG PROPERTIES,
LLC, Appellees

On Appeal from the County Court at
Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-17-04535-
C.
Opinion delivered by Justice Myers.
Justices Osborne and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees PIPER HUNN, TRISHA MOORE AND RED DOG PROPERTIES, LLC recover their costs of this appeal from appellant CURTIS MAYS.

Judgment entered this 28th day of December, 2020.