**Affirmed and Opinion Filed March 25, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01559-CV

### JIMMY LEE MENIFEE, Appellant
### V.
### JERRY LEE BLAYLOCK, Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-02830-D**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Myers

Jimmy Lee Menifee appeals the trial court's judgment that he take nothing on

his claims against Jerry Lee Blaylock. Menifee, who is pro se, appears to challenge

the sufficiency of the evidence to support the trial court's judgment. Appellant has

failed to provide any substantive analysis with citation to the record or legal

authorities in support of his arguments thereby waiving his issues on appeal. *See*

TEX. R. APP. P. 38.1(h); *see also PopCap Games, Inc. v. MumboJumbo, LLC*, 350

S.W.3d 699, 722 (Tex. App.—Dallas 2011, pet. denied). To the extent we liberally

construe his arguments, we conclude they are without merit and affirm the trial court's judgment.

We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

The basis of appellant's petition in the trial court was that appellee, appellant's brother, stole appellant's insurance proceeds from an automobile accident and used the money to purchase a house. Appellant also appears to assert appellee took appellant's social security disability payments and used them for appellee's living expenses. The petition contains other allegations about appellee giving appellant's money to criminals and using appellant's electricity to watch movies.

At the trial, appellant told the court he received $200,000 in an insurance payment after an automobile accident left him disabled. Appellant stated that appellee used $200,000 of the insurance proceeds to purchase a house and that appellee would not allow appellant to reside in the house. Appellant had no documentary evidence that appellee had used appellant's insurance proceeds to

–2–

purchase a house. Appellee testified that he bought the house in 2001 and that the title to the house was in his name.

Appellant also testified that appellee took appellant's social security disability payments to support appellee and their mother and siblings. However, appellant then testified that he gave his monthly disability payments to his mother to pay for the upkeep of the house and food for the family and that he gave her permission to use the money. Appellant also testified that he had been confined in mental hospitals at various times. Appellee testified about how he and the rest of the family had tried to help appellant after the accident and about the problems caused by appellant's mental illness. At the conclusion of the trial, the court stated it could not find that appellee had converted $200,000 of appellant's money.

Appellant's brief on appeal does not comply with any of the requirements of Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1(a)–(k). We notified appellant of the deficiencies in his brief and offered him an opportunity to file an amended brief. Appellant filed an amended brief, but it was similarly deficient. Among the many defects in the brief is the lack of any citation to the record or to any legal authorities, as well as a lack of any substantive analysis. When a party, despite notice and an opportunity to cure, fails to adequately brief a complaint, he waives the issue on appeal. *See* TEX. R. APP. P. 44.3; *Clark v. TBF Fin., LLC*, No. 05-19-01468-CV, 2021 WL 526329, at *1 (Tex. App.—Dallas Feb. 12, 2021, no pet. h.) (mem. op); *Bertaud v. Wolner Indus.*, No. 05-15-00620-CV,

–3–

2017 WL 1360197, at *2 (Tex. App.—Dallas Apr. 12, 2017, no pet.) (mem. op.). Because appellant did not amend his brief to correct the briefing deficiencies and to provide adequate substantive briefing of his complaints, he has waived the issues on appeal.

However, in the interest of justice, we address what we perceive to be the gist of appellant's appeal. Appellant appears to assert on appeal that the trial court's determination that appellee did not convert appellant's insurance proceeds and disability payments was not supported by legally and factually sufficient evidence. Appellant did not request the trial court to make findings of fact and conclusions of law, and the trial court did not make findings of fact and conclusions of law. When no findings of fact and conclusions of law were requested or filed, it is implied that the trial court made all findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.). The judgment will be upheld on any legal theory that finds support in the evidence. *Niskar*, 136 S.W.3d at 754.

We review the implied findings of fact for legal and factual sufficiency, and we review the trial court's implied legal conclusions de novo. *In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no pet.). When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which the party had the burden of proof, it must show that the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46

–4–

S.W.3d 237, 241 (Tex. 2001) (per curiam). When addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

A party attacking the factual sufficiency of the evidence of an adverse finding on which the party had the burden of proof must demonstrate on appeal that the finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242. In a factual sufficiency review, we view all the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.).

Appellant testified he did not have any documentation to support his claim that appellee took appellant's insurance proceeds and used them to purchase appellee's house.[1] The trial court was the judge of the credibility of the witnesses

---

[1] Appellant attached to his brief a police incident report from November 19, 2015, in which appellant complained to the police that twenty years earlier, his family members took appellant's "one million dollar insurance check and now they are living happily while not letting complainant get the money." Appellant also attached to his brief a request for records from the Texas Department of Family and Protective Services

and could have concluded appellant's testimony about appellee taking the insurance proceeds was not credible. The court could also have concluded appellant failed to prove that appellant's insurance proceeds were the source of the funding appellee used to purchase his house.

Appellant also argues appellee took appellant's social security disability payments and used the money to pay appellee's living expenses. Appellant presented documentary evidence that he received disability payments of $1,256 per month, but he testified both that appellee took appellant's disability funds and that appellant voluntarily gave that money to his mother for upkeep of the house and to purchase food. The trial court also admitted into evidence a police incident report from July 29, 2018, stating "comp[lainant] insists on speaking with pol[ice] concerning his family threatening him over money and misusing his social security money." Nothing in the record shows anyone was arrested or that any determination was made that appellant actually was threatened. Nor does the report state that appellee was the person allegedly threatening appellant and misusing his money.

We conclude the evidence is legally and factually sufficient to support the trial court's determination that appellant failed to prove appellee took appellant's insurance proceeds or his disability payments.

---

These documents do not appear to be part of the record from the trial proceedings. We cannot consider documents attached to briefs if they were not formally included in the record on appeal. *Bertrand v. Bertrand*, 449 S.W.3d 856, 863 n.8 (Tex. App.—Dallas 2014, no pet.).

We overrule appellant's arguments on appeal, and we affirm the trial court's judgment.

/Lana Myers/
LANA MYERS

191559F.P05                    JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JIMMY LEE MENIFEE, Appellant

No. 05-19-01559-CV      V.

JERRY LEE BLAYLOCK, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-19-02830-D.
Opinion delivered by Justice Myers. Justices Osborne and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of March, 2021.